CAROLINE E. MACKAY, Appellant, *v.* BENJAMIN B. LEWIS et al., Respondents.

Upon appeal to this court from an order granting a new trial, the appellant takes the risk, not only of the questions considered by the court below, but of every other exception appearing on the record; the respondent may sustain the order upon showing any legal error, whether noticed by the court below or not.

If such an appeal is considered here upon the merits, and the court determine that there was error upon the trial requiring an affirmance of the order, judgment absolute must be given against the appellant.

Where, however, a party has appealed under a mistake, and before a decision of the appeal asks permission to withdraw it, the court upon being satisfied that the proceeding was in good faith, will ordinarily give leave to dismiss the appeal on payment of costs.

(Argued April 16, 1878; decided April 23, 1878.)

MOTION by appellant to dismiss appeal from order granting a new trial.

*C. N. Lawton*, for motion.

*H. W. Tener*, contra.

*Per Curiam.* Appeals from orders granting new trials are an innovation upon the practice heretofore existing, appeals and writs of error having been confined to final judgments or decrees.

There are but comparatively few cases in which the right of appeal from an order granting a new trial can safely be exercised. The appellant takes the risk not only of the questions considered by the court below, and upon which they have made the order, but of every other exception appearing upon the record, and every legal question that can be made by the respondent who may sustain his order upon showing any legal error whether noticed by the court below or not. Not unfrequently have appellants been brought face to face with insuperable objections to the judgment they sought to have restored by a reversal of the order granting a new trial, which they had overlooked, and the court below had not found it necessary to consider, and had final judgment against them, when by submitting to the order and going back to a new trial they might have succeeded. In other words the privilege of an appeal in the case mentioned has proved a trap to the unwary suitor, who for the luxury of an appeal, and upon the faith that the court had erred in the precise point passed upon, have thrown away a good cause of action. Suitors and their legal advisers, notwithstanding repeated cautions from this court, have been slow to learn the hazard of appeals of this character. If an appeal is considered by the court upon the merits, and this court comes to the conclusion that there was error upon the trial, and that the order should be affirmed upon any ground, the statute is imperative, and judgment absolute must be given against the appellant. We cannot relieve the party from his stipulation. But when a party has appealed under a mistake and before a decision of the appeal by the court, asks permission to withdraw it if the court is satisfied that the proceeding has been in good faith, leave is ordinarily given to dismiss the appeal on payment of costs.

The respondent in the appeal loses nothing by the favor

granted to his adversary. He gets the full benefit of his order for a new trial which is all he asked or sought and is indemnified against costs in this court. It would be harsh to the appellant to refuse this leave merely because he has not fully appreciated the risks of this comparatively new practice. The appellant may well have thought that only the questions considered by the Supreme Court would be considered here. She would not be the first one that has been led to appeal acting upon that view. But whatever the views were, she now is desirous of dismissing her appeal, and proposes to indemnify the respondent, and we see no reason why leave should not be granted.

The motion to discontinue the appeal is therefore granted on payment of the costs of the appeal, and ten dollars cost of opposing the motion.

All concur.

Motion granted.