RICHARD HISCOCK et al., Respondents, *v.* LUCY M. HARRIS et al., Appellants.

Under the provisions of the Code of Civil Procedure (§§ 191, 194), requiring a party, on appeal from an order granting a new trial, to stipulate for judgment against him in case of affirmance, and directing this court, in such case, to render judgment absolute upon the right of the appellants; also authorizing such proceedings in the court below upon the remittitur as are necessary to render the judgment effectual, the judgment must be absolute against the appellant upon the whole matter and right in controversy in the action.

Where, therefore, an order, reversing a judgment in favor of plaintiff and granting a new trial, is affirmed on appeal to this court, and judgment absolute ordered, in an action wherein the answer sets up a counter-claim, defendant is entitled to such judgment upon the remittitur as the facts alleged by him in his answer entitle him to.

In an action to recover an item allowed plaintiffs by an award, the defendants in their answer alleged, among other things, that the arbitrators exceeded their jurisdiction, that the award was void upon its face, and that it was corruptly and fraudulently made, by the procurement of the plaintiffs, and therefore void; also, that it was invalid for other reasons stated. The relief demanded was that the award be adjudged void, that the same be vacated and set aside, and the submission be declared to

be revoked, and that the complaint be dismissed. Plaintiffs replied, denying the facts stated in the counter-claim. Plaintiffs obtained judgment sustaining the award, and for the sum claimed; this was reversed by the General Term, and new trial granted. The order of General Term was affirmed here, and judgment absolute ordered for defendants. Judgment of affirmance was entered on the remittitur, which also contained a clause adjudging the contract of submission to arbitrators, and the award to be void, and setting aside the same, and adjudging all acts and proceedings under and in pursuance of the submission and award to be void. On motion to strike out said clause, *held*, that the judgment entered was too broad; that there were no allegations in the pleadings showing the contract of submission to arbitration to be void; and there was no authority for adjudging the proceedings and acts done under the submission and award to be void; but that defendants were entitled to have the award adjudged void, and all subsequent proceedings depending solely upon it, leaving the submission to stand.

(Argued March 9, 1880; decided March 19, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term, striking out a clause in a judgment entered herein on remittitur from this court.

The clause struck out is set forth in the opinion, wherein, also, all the material facts are stated.

*Oliver Porter*, for appellants. The defendants were entitled to an affirmative judgment. (*Davidson* v. *Remington*, 12 How., 310; *Wolf* v. *H.*, 13 id., 84; *Seman* v. *Trull*, 13 id., 248; *Curtis* v. *Horton*, 30 Barb., 225; 16 How., 576, note; *Lanman* v. *Lewiston R. R. Co.*, 18 N. Y., 493; *Hutchings* v. *Van Brunt*, 38 id., 335; *Cobb* v. *Hatfield*, 46 id., 533; *People* v. *Lacoste*, 37 id., 192; *Wright* v. *Delafield*, 25 id., 266; *Martin* v. *Lott*, 4 Abb., 365; 38 N. Y., 335–345.) The judgment of a court of competent jurisdiction on the point in issue before it, can only be reviewed by appeal. (*Gelston* v. *Hoyt*, 1 Johns. Chy., 542; *Canfield* v. *Monger*, 12 J. R., 347; *Binck* v. *Wood*, 43 Barb., 213; *Le Guen* v. *Gouveneur*, 1 Johns. Cas., 436; *Billinger* v. *Craigen*, 31 Barb., 534–537; *Davis* v. *Talcott*, 12 N. Y., 184; *Demarest* v. *Darge*, 32 id., 281; *McAllister* v. *Reab*, 4 Wend., 483, 492, 493; *Winfield* v. *Bacon*, 24 Barb., 154;

*Foster* v. *Milliner*, 50 id., 385; 1 Johns. Cas., 436; 12 J. R., 347; 12 N. Y., 184; *Curtis* v. *Groat*, 6 J. R., 168; *Quackenbush* v. *Leonard*, 10 Paige, 131; *Union India Rubber Co.* v. *Babcock*. 1 Abb. Pr., 262; *McGregor* v. *Buell*, 17 Abb., 31; *Bogardus* v. *The R. M. Co.*, 1 Duer, 592; 3 Sandf., 683; 8 Barb., 306; 10 Paige, 131; *McGregor* v. *Buell*, 3 Abb. C. A. Dec., 86–91.) In the suit brought to enforce the award, it was obligatory on defendants to set up by answer their defense or counter-claim, or right to affirmative relief, under the penalty of losing it. (*Dobson* v. *Pearce*, 12 N. Y., 166; Old Code, §§ 69, 150, 274; *Giles* v. *Austin*, 62 N. Y., 486; *Carpenter* v. *Keating*, 10 Abb. [N. S.], 223; *Van Allen* v. *Schermerhorn*, 14 How., 287.) Plaintiffs' appeal from the order granting a new trial gave to the defendants the full benefit of their order for a new trial. (*Mackay* v. *Lewis et al.*, 73 N. Y., 382; *Krekler* v. *Thaule et al.*, 73 id., 608.)

*Hiscock, Gifford & Doheny*, for respondents. The remittitur controls and limits the judgment to be entered thereon, and beyond it such judgment in its provisions cannot legally go. (*Quackenbush* v. *Leonard*, 10 Paige, 131; *Union India Rubber Co.* v. *Babcock*, 1 Abb. Pr., 262; *McGregor* v. *Buell*, 1 Keyes, 153, 157; S. C., 17 Abb. Pr., 31.) A motion is the proper remedy for correcting an irregular judgment; and, especially, for getting rid of a clause improperly inserted in the roll. (*People ex rel. Oswald* v. *Goff, Assessor, etc.*, 52 N. Y., 434; Code of Civil Proc., § 1282.) It was necessary to have the judgment in this case corrected, as it was corrected by the order appealed from. (1 Smith's Lead. Cas. [Hare & Wall.], 842; *Mason* v. *Alston*, 9 N. Y., 28; *Williams* v. *Fitzhugh*, 44 Barb., 321; *Barnwell* v. *Knight*, 51 id., 267; *Libby* v. *Rosekrans*, 55 id., 202; *People* v. *Downing*, 4 Sandf., 189; *O'Brien* v. *Hemey*, 2 Edw. Ch., 242.)

EARL, J. The plaintiffs sued the defendants upon an award to recover the sum of $3,000 awarded to them by arbitrators chosen by the parties. The sum thus claimed

was an item only in the award, as there were other matters acted upon by the arbitrators. The defendants appeared in the action and answered, alleging, among other things, that the arbitrators exceeded their jurisdiction; that the award was void upon its face, and that it was corruptly and fraudulently made and published by the procurement of the plaintiffs, and therefore void, and that it was invalid for other reasons stated; and the defendants demanded that the " award be adjudged to be void, and that the same be vacated and set aside, and that the submission be declared to be revoked, and that the complaint be dismissed, and that they have judgment accordingly." To the counter-claim thus made in the answer the plaintiffs replied, denying the facts upon which the same was based.

The action was then referred to a referee, who found and decided that the award was legal and binding upon the parties, and gave judgment for the plaintiffs for the sum claimed by them. The defendants then appealed to the General Term of the Supreme Court, and there the judgment was reversed and a new trial was ordered, on the ground that the award as to the $3,000 was invalid. The plaintiffs then appealed to this court, giving a stipulation for judgment absolute against them in case of affirmance. This court affirmed the order appealed from and ordered judgment absolute for the defendants on plaintiffs' stipulation, and the remittitur was sent down to the Supreme Court. There judgment was entered upon the remittitur by the defendants, affirming the order of the General Term and for costs, which judgment also contained this clause : "And it is considered and adjudged that the contract of submission to arbitration mentioned and described in the pleadings in this action be, and the same is adjudged to be void, and the same is hereby set aside; and it is further considered and adjudged that the award mentioned and described in the pleadings in this action be, and the same is hereby set aside and adjudged to be void and of none effect; and it is further considered and adjudged that all matters, things, pro-

ceedings and acts had, done or performed under and in pursuance of the said contract of submission and award be, and the same are void and of none effect." Thereafter a motion was made at Special Term of the Supreme Court on behalf of the plaintiffs to strike this clause from the judgment as unauthorized by the remittitur, and the court ordered the same to be stricken therefrom. The defendants appealed from such order to the General Term and from affirmance there to this court.

It is undisputed that the judgment entered in the court below upon a decision of this court must conform to the remittitur sent down; and the question to be determined here is whether the clause complained of was authorized by the remittitur; and whether it was or not depends upon the force to be given to plaintiffs' stipulation upon the appeal to this court under the Code: (Code of Procedure, § 11; Code of Civil Procedure, §§ 191, 194). Before the plaintiffs could appeal they were required to give the stipulation that if the order should be affirmed, judgment absolute should be rendered against them; and then it is provided that if this court in such case determines that no error was committed in granting the new trial, " it must render judgment absolute upon the right of the appellant; and after its judgment has been remitted to the court below, an assessment of damages, or any other proceeding requisite to render the judgment effectual, may be had in the latter court."

Now here the defendants had set up a counter-claim. Upon the facts alleged by them they had the right to have the award vacated and set aside. After the new trial was granted, they had the right to go to trial again and establish their counter-claim, if they could, and thus obtain the relief demanded in their answer. Of this right the plaintiffs deprived them by their appeal; but before they could do so, they were required to give the stipulation. What then is and should be the effect of the stipulation in case of affirmance? Clearly to give the defendants such a judgment as the facts alleged by them entitle them to. The judgment

must be absolute against the appellants upon the whole matter and right in controversy in the action. If this were not so, a plaintiff in such a case as this could always deprive the defendant of his right to try his counter-claim and have it adjudicated in the action, and thus, in many cases, entirely destroy the value of a just counter-claim. Here, however, the judgment entered was somewhat too broad. There were no allegations in the pleadings showing that "the contract of submission to arbitration" was void, and there was no authority for adjudging, that "all the matters, things, proceedings and acts had, done or performed under and in pursuance of the contract of submission and award" were void. But the defendants were entitled upon the facts alleged by them to have the award adjudged void. The reversal of the judgment entered upon the report of the referee destroys the effect of that report. The adjudication that the award is invalid and of no effect invalidates all subsequent proceedings depending solely upon it. But the submission must stand for what it is worth.

The order of the General and Special Terms should, therefore, be so modified as to strike from the clause complained of in the judgment all except that portion of it which sets aside the award and adjudges it to be void and of no effect, and, as thus modified, such orders should be affirmed, without costs upon appeal to this court to either party.

If this result shall cause any harm or embarrassment to plaintiffs, it will be only another illustration of the impolitic use of the right of appeal to this court from orders granting new trials, to which attention has been called in the decisions of this court on several occasions : (*Lanman* v. *The Lewiston R. R. Co.*, 18 N. Y., 493; *Hitchings* v. *Van Brunt*, 38 id., 335; *Cobb* v. *Hatfield*, 46 id., 533; *Godfrey* v. *Moser*, 66 id., 250; *Lake* v. *Nathans*, 67 id., 589.)

CHURCH, Ch. J., and DANFORTH, J., concur; FOLGER, J., concurs in result; RAPALLO and MILLER, JJ., do not vote; ANDREWS, J., absent.

Ordered accordingly.