'Barnard, P.
If this application is to be subjected to the rules which govern motions for new trials upon the .ground of newly-discovered evidence, it should ■ be denied. Final judgment was entered some ten years ago, before the ■application was made, and nearly nine years after that the newly-discovered evidence was known to the plaintiff’s assignor. Again, the papers are too indefinite in the statement of newly-discovered evidence.
Generally the allegation is that “ some of the officers and employees of the defendant ” informed Edwin Wilcox that the person whose life was insured went South, further than was permitted by the policy, “ upon the understanding and agreement with the defendant that he might remain ■away permanently ” upon paying the usual extra premiums. No name is given of the employee or officer. No time is stated. No conversation is given. Upon such an affidavit the defendant can take no issue upon the facts.
No excuse is given for the long delay, and the rule is rigid requiring diligence to obtain new trials. Eight years is too long a period for a discovery of the evidence.
There is another objection to the new trial. Charles A. Starr had a policy on his life for $10,000. This was assigned to Samuel W. Liddell to secure a debt of $6,500 from Starr to Liddell. In October, 1869, the policy was surrendered and a new one taken to Liddell on Starr’s life for $6,500. This policy established a territory beyond which Starr should not go in the summer. Starr went and died in the prohibited district. Liddell assigned his policy of insurance to the present plaintiff. Evans sued upon it and got judgment. This was reversed, and a new trial given in the action by the General Term upon appeal, and Evans thereupon appealed to the court of appeals, and gave a stipulation that if the judgment was affirmed a judgment absolute should be rendered against the appellant. This stipulation was in accordance with law. The appeal could not be made effectual without this stipulation. The court of appeals affirmed the judgment and gave a judgment absolute against the defendant upon the stipulation.
*320 The court of appeals have given effect to such judgment in several cases.
In Godfrey v. Moser, 66 N. Y. 250, and after an adverse-decision, the court stated that it was the statute which produced the result and not the court, and there was no legal mode of relief. The case was a hard one, because the new-trial was given because part of the judgment only was modified. Under the stipulation the whole case went adversely to the plaintiff appellant.
In Mackay v. Lewis, 73 N. Y. 382, the court of appeals, again asserted that after an adverse decision it could not. relieve the appellant from his stipulation.
In Hiscock v. Harris, 80 N. Y. 402, where a plaintiff" got judgment in an action where the defendant had set up a. counterclaim, the court held that judgment must be absolute-against the appellants upon the whole matter and right of controversy in the action, and the court calls attention to-, the impolitic use of the right of appeal from orders granting-new trials, and cite many cases in support of the far reaching-nature of the stipulation in case of failure in the court of" appeals.
In the present action judgment absolute was ordered for-the defendant upon the stipulation. Upon that judgment a., remittitur was sent to this court, and an absolute judgment was made the judgment of this court.
After that judgment was made, which was made -February 29, 1876, Evans had nothing to convey to Hebbard, who now appears to be substituted upon the conveyance of the same policy of insurance by Evans to him. The stipulation covered the whole case. The policy was., destroyed by it.
The order should be reversed and motion denied with, costs.
Pratt, J., concurred.
Order reversed.