### WEBER *v.* WEBER.

*(City Court of New York, Special Term. January 1, 1889.)*

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

Where a disinterested and credible witness deposes that plaintiff stated to him the nature of the transaction in controversy, and that such statement was in direct conflict with plaintiff's testimony at the trial, and in accord with defendant's testimony, a new trial on the ground of newly-discovered evidence will be granted.

Action by Sebastian Weber against Sebastian Weber. Jr., for the sum of about $1,300, alleged to have been obtained from plaintiff by certain misrepresentations. Plaintiff, who resided in Switzerland, was induced by defendant, his son, to come to the United States. On learning that plaintiff had money in a bank in Switzerland, defendant stated that he desired to borrow it; that he would secure the loan by a second mortgage on certain property in New York city; and that he would provide for plaintiff at his (defendant's) house. Thereupon plaintiff signed an order for the money, and gave it to defendant. The same afternoon defendant and his son (plaintiff's grandson) took plaintiff to Castle Garden, where they left him in a destitute condition. The order on the Swiss bank proved defective, and payment was refused. Defendant then sought plaintiff, explained his conduct, and procured another order for the money, which was finally paid. Defendant, on receiving the money, agreed to provide for plaintiff; but this he failed to do, and finally had him committed as a pauper. Plaintiff then brought this action to recover his money. The defense was that it was loaned for 10 years, and was not due. There was a verdict for plaintiff, and defendant moves for a new trial on the ground of newly-discovered evidence.

*James F. Pendleton,* for plaintiff. *Joseph S. Stier,* for defendant.

EHRLICH, J. At the trial there was a marked preponderance of witnesses (numerically) in defendant's favor; plaintiff, however, recovered a verdict. The contents of the memorandum now produced were in substance spread before the jury, yet it is believed that the production at the trial of the paper itself might have changed the result. Assuming, however, without deciding, that the finding of this paper is not sufficient reason for granting a new trial, yet the affidavit of Mr. Frank clearly justifies the order which defendant applies for. This action is between father and son. It was tried as a one-hour cause. The apparent preponderance of evidence was with defendant, but was given mainly by interested witnesses, and the circumstances indicate that the sympathy or passion of the jury might have become enlisted in behalf of the successful party. Now a witness is produced whose testimony must be assumed to be disinterested and credible, who deposes that the plaintiff stated to him the nature of the transaction in controversy, and that his statement was in direct conflict with his testimony here, and in accord with that of defendant. This evidence is newly-discovered, and might not have been obtained by defendant by any exercise of diligence before the trial, and is sufficient in itself to sustain a verdict for defendant. The motion should be granted on the ground of newly-discovered evidence, upon condition, however, that defendant pays $30 trial fee, $10 costs of this motion, and the jury fees paid at the trial.