rant.   He attended at the trial, and seems to have been the person who was actually responsible for it.   The complaint was not made by defendant personally, but by his agent, who acted under his direction, and on the advice of his counsel.   He was clearly the real prosecutor.

The case is very close to the border line, but, on the whole, I think was within the rule which required its submission to the jury.

The plaintiff's exception to the learned trial judge's ruling dismissing the complaint should, therefore, be sustained, and a new trial should be ordered.   It seems that, although the exceptions were regularly ordered to be heard in the first instance at the general term, another order absolute was also entered, dismissing the complaint on the merits. I do not understand that these orders were intended to be, or were, in fact, in conflict; or that the latter was intended to supersede the former.   It will be safer, however, to reverse the latter order, to the end that full force and effect may be given to the former, and that should be accordingly done.

BARNARD, P. J., concurs; DYKMAN, J., not sitting.

---

EMILINE GALLUP, Respondent, v. JAMES HENDERSON et al., Appellants.

*Supreme Court, Second Department, General Term, June 28, 1889.*

*Attorney and client.*—A deed given by an aged client to her lawyer, under an unjust and unequitable agreement, will be set aside.

Appeal from a judgment rendered in favor of the plaintiff.

BARNARD, P. J.—The general inference from the evidence in this case is very strong against the defendant Henderson.   The plaintiff was nearly 80 years of age, and the

first transaction between the parties was an agreement upon a foreclosure of a mortgage, whereby the defendant, who was the attorney, was to have all the property brought over $3,000. The attorney claims to be entitled to over $3,000 on this transaction. With the plaintiff's $3,000 a bond and mortgage, given by Caroline J. Haddon, and owned by one Dennis, was assigned to plaintiff. Henderson claims to own this mortgage, also, and that the reason why the title was taken to the plaintiff was that Haddon's wife was his niece. Subsequently to the taking of the mortgage, and in May, 1884, the defendant's wife bought a tax-title apparently superior to the mortgage, a lease for 1,000 years. In April, 1885, the foreclosure suit was commenced in plaintiff's name. The defendant Henderson was the attorney, and his then partner was attorney for his wife, and she set up a superior title; the tax lease and the property were sold subject to it. Then a deed was given to plaintiff and Mrs. Henderson by the referee, and the condition of sale was subject to the tax sale. The defendant Henderson endeavored to get the referee's deed made out to the two ladies in joint tenancy. It was also part of the defendant's case that the defendant Henderson had an agreement with the plaintiff to pay $1,000 a year for legal services to be rendered. The plaintiff denies the agreement on the foreclosure. She denies that the Haddon mortgage was held by her for Henderson. She denied the $1,000 a year.

The trial judge properly found against the defendants. The plaintiff was very old. The defendant was her lawyer, and they lived together. The transaction is so inequitable that, as between strangers, such a finding would be justified.

The judgment should therefore be affirmed, with costs.

PRATT, J., concurs; DYKMAN, J., not sitting.