## HOGAN v. CARROLL et al.

*(Supreme Court, General Term, Fifth Department.    October 19, 1889.)*

1. CONTRACT—ACTION ON—NEW TRIAL.
   Where there is testimony to support the verdict, and the jury has been instructed as to the rights of the parties, the motion for a new trial on the minutes is properly denied.

2. NEW TRIAL—EVIDENCE—NEWLY-DISCOVERED—CUMULATIVE.
   Newly-discovered evidence, which is merely cumulative, and of the same general class as that given on the trial, will not justify the court in granting a new trial.

Appeal from Monroe county court.

Action by Michael Hogan against Charles H. Carroll and others, for breach of contract of employment. Trial by jury, and a verdict for plaintiff. From the judgment entered on the verdict, from an order denying a motion for a new trial on the minutes, and from an order denying a motion for a new trial on a case, and affidavits on the ground of newly-discovered evidence, defendants appeal.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*C. C. Davy*, for appellants.   *John C. O'Brien* and *John F. Kinney*, for respondent.

MACOMBER, J.   The defendants, who are dry-goods merchants, employed the plaintiff on the 21st day of February, 1887, in their cloak department. The plaintiff claimed, and gave evidence to establish the fact, that the employment was for the period of one year, while the defendants' testimony tended to show that the employment was only from week to week. The defendants discharged the plaintiff on the 9th day of July, 1887. For such discharge, and for the inability of the plaintiff to earn wages during a portion of the period,—between the time that he was discharged and the time of the expiration of the employment as he claimed it to be,—this action was brought. It was first tried in the municipal court, where a recovery was had. Upon the appeal to the county court a verdict was rendered for substantially the same amount as was awarded to the plaintiff by the judgment of the municipal court. We have examined the evidence in this action in detail, and find that the jury was warranted, from the testimony, in bringing in the verdict which they have; and that the court was justified in refusing to grant a new trial upon the judge's minutes. The right to dismiss for cause was asserted by the trial judge to the jury; and, had the defendants proper ground to dismiss the plaintiff for disobedience in the respect which they claimed, the jury, doubt-

less, would have so found under the instructions of the county judge; but they have seen fit to take the version given by the plaintiff rather than that given by the defendants, and have held, under competent testimony and under proper instructions, that the dismissal was without cause; and that consequently the defendants were liable to respond in damages to the plaintiff.

The affidavits used upon the motion for a new trial upon the ground of newly-discovered evidence disclosed nothing new in the defense. They simply reiterated the same facts sworn to by witnesses at the trial, and hence come under the familiar rule that newly-discovered evidence, which is merely cumulative, and of the same general class of testimony as that given upon the original trial, is insufficient to justify the court in granting a new trial. The judgment and orders appealed from should be affirmed. All concur.