MICHAEL H. HOGAN, Respondent, *v.* CHARLES H. CARROLL
*et al.*, Appellants.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

*New Trial. Newly-discovered evidence.*—Newly-discovered evidence,
which is merely cumulative and of the same general class of testimony
as that given on the original trial, is insufficient to justify the court
in granting a new trial.

Appeal from a judgment of the county court of Monroe
county, entered on the verdict of a jury, and from an order
denying the defendant's motion for a new trial upon the
minutes, and likewise from an order denying a motion for a
new trial on a case and affidavits upon the ground of newly-
discovered evidence.

*John C. O'Brien* and *John F. Kinney,* for respondent.

*C. C. Davy,* for appellants.

MACOMBER, J.—The defendants, who are dry goods mer-
chants, employed the plaintiff on the 21st day of February,
1887, in their cloak department. The plaintiff claimed and
gave evidence to establish the fact that the employment was
for the period of one year, while the defendants' testimony
tended to show that the employment was only from week
to week. The defendants discharged the plaintiff on the
9th day of July, 1887.

For such discharge and for the inability of the plaintiff to
earn wages during a portion of the period between the time
that he was discharged and the time of the expiration of the
employment as he claimed it to be, this action was brought.
It was first tried in the municipal court where a recovery

was had. Upon the appeal to the county court a verdict was rendered for substantially the same amount as was awarded to the plaintiff by the judgment of the municipal court.

We have examined the evidence of this action in detail and find that the jury was warranted from the testimony in bringing in the verdict which they have and that the court was justified in refusing to grant a new trial upon the judge's minutes. The right to dismiss for cause was asserted by the trial judge to the jury; and had the defendants proper ground to dismiss the plaintiff for disobedience in the respect which they claimed, the jury doubtless would have so found under the instructions of the county judge, but they have seen fit to take the version given by the plaintiff rather than that given by the defendants, and have held under competent testimony and under proper instructions that the dismissal was without cause and that consequently the defendants were liable to respond in damages to the plaintiff.

The affidavits used upon the motion for a new trial upon the ground of newly-discovered evidence disclosed nothing new in the defense. They simply reiterated the same facts sworn to by witnesses at the trial and hence come under the familiar rule that newly-discovered evidence which is merely cumulative, and of the same general class of testimony as that given upon the original trial, is insufficient to justify the court in granting a new trial.

The judgment and orders appealed from should be affirmed.

BARKER, P. J., and DWIGHT, J., concur.

---

NOTE ON "NEW TRIAL ON GROUND OF NEWLY-DISCOVERED EVIDENCE."

As to the requirements to entitle a party to a new trial on the ground of newly-discovered evidence, see Hooker *v.* Terpenning, 55 Hun, 610.

The power to grant a new trial rests in the sound discretion of the court. Clegg *v.* N. Y. N. Union, 51 Hun, 232.

The rules, governing motions for a new trial, on the ground of newly-discovered evidence, stated. Id.

Note on " New Trial on Ground of Newly-discovered Evidence."

The newly-discovered evidence entitling to a new trial, defined.  Cole *v.* F. B. Coal Co., 57 Hun, 585.

If cumulative, it is insufficient.  Id.

Where the result cannot be changed by the newly-discovered evidence, a new trial, on that ground, will not be granted.  Gallup *v.* Henderson, 53 Hun, 633.

Newly-discovered evidence, to entitle to a new trial, must be such as will probably lead to a different result.  Page *v.* Mayor, etc., 57 Hun, 586.

A new trial on the ground of newly-discovered evidence was held to be properly granted in Dart *v.* Cudlich, 59 Hun, 622.

When objection of laches in moving is not well taken.  Id.

As to when a motion for a new trial, made on ground of newly-discovered evidence, should be granted, see Sternfeld *v.* Williamsburg F. Ins. Co., 50 Hun, 603.

A new trial, upon newly-discovered evidence, was, in this case, held to be properly denied.  Heald *v.* Van Siclen, 38 N. Y. St. Rep. 187.

Newly-discovered evidence, not affecting the result, furnishes no ground for a new trial.  Rich *v.* Meyer, 26 N. Y. St. Rep. 109.

Newly-discovered evidence, merely cumulative, is insufficient to justify granting new trial.  Hogan *v.* Carroll, 54 Hun, 635.

What must be shown, in order to constitute a case for a new trial on the ground of newly-discovered evidence.  Roberts *v.* Johnstown Bk., 60 Hun, 576.

Affidavits of newly-discovered witnesses, as to what the witnesses will testify, should be presented.  Id.

Diligence and controlling character of evidence must be shown.  Behrens *v.* Bloom, 24 N. Y. St. Rep. 116 ; Ott. *v.* Buffalo, 61 Hun, 624; Sternfield *v.* Western Ins. Co., 50 Id. 603.

Newly-discovered evidence, improbable and cumulative, furnishes no ground for a new trial.  People *v.* Noonan, 60 Hun, 578.

For an insufficient affidavit for a new trial on ground of newly-discovered evidence, see Wilcox *v.* Joslin, 32 N. Y. St. Rep. 423.

Such evidence must bear upon an issue presented by the pleadings.  Id.

For facts entitling a party to a new trial on the ground of newly-discovered evidence, see Holmes *v.* Roper, 56 Hun, 645.

A new trial will not be granted, when the party knew of, but was unable to procure the evidence.  Tigue *v.* Annowski, 24 N. Y. St. Rep. 931.

So, also, where it is clearly on a collateral issue raised by impeaching testimony.  Id.

Cumulative newly-discovered evidence furnishes no ground for new trial. Hawxhurst *v.* Hennion, 30 N. Y. St. Rep. 917.

A motion for new trial, made with diligence, after the discovery of non-cumulative evidence which may probably bring about a favorable result, should be granted.  Sistare *v.* Olcott, 52 Hun, 610.

As to when the evidence is non-cumulative, see this case.

After an affirmance by the court of appeals, the supreme court should grant new trial, on ground of newly-discovered evidence, only in a very strong case.  Albert *v.* Sweet, 56 Hun, 639.

Note on " New Trial on Ground of Newly-discovered Evidence."

On a motion for a new trial on ground of newly-discovered evidence, proof of plaintiff's physical acts and admissions as to his health and strength, subsequent to the trial, is not cumulative.    Cole *v.* Fall B. C. Co., 61 Hun, 623.

A case, upon a motion for a new trial on the ground of newly-discovered evidence, should be made and presented to the court.    Holmes *v.* Evans, 37 N. Y. St. Rep. 369 ;  Thayer Mfg. Co. *v.* Steinan, 58 How. 315.

Though no case has been made and presented, the special term has power to entertain an application for a new trial on the ground of newly-discovered evidence, where no objection is taken upon that ground, but the action is resisted solely upon counter affidavits denying the truth of the newly-discovered evidence, and setting up laches in making the motion. Russell *v.* Randall, 123 N. Y. 436; Matter of Cooper, 93 Id.  507.

In Dart *v.* Cudlich, 59 Hun, 622, an action was brought for malicious prosecution.    The charge was the making of false entries in the books of a corporation.    Plaintiff recovered on his own testimony that such entries covered payments made for the company for commissions, pursuant to an agreement.    The person, to whom it was alleged the payments were made, made a deposition contradicting plaintiff's testimony.    It was held that a motion for a new trial, on the ground of newly-discovered evidence, was properly granted.    Such evidence was important to defendant and bore directly on the issue.

After an appeal has been taken from a judgment and the judgment has been affirmed, it is not permitted to the party aggrieved to go back to the special term and move for a new trial on a case and exceptions and then appeal from the order denying such motion, and thus obtain a second hearing in the appellate court.    Conable *v.* Smith, 46 N. Y. St. Rep. 2.

A new trial on the ground of newly-discovered evidence was refused, in Jackson *v.* Town of Fort Covington, 61 Hun, 622, on the ground that the new evidence was cumulative and not decisive in its character.

The rules governing an application for a new trial on the ground of newly-discovered evidence are stated in this case.

Newly-discovered evidence, which is merely cumulative, and of the same general class of testimony as that given upon the original trial, is insufficient to justify the court in granting a new trial.    Hogan *v.* Carroll, 54 Hun, 635.    In the case cited, the rule was applied in an action for the breach of a contract of employment, where the affidavits in support of the motion for a new trial merely reiterated the facts sworn to at the original trial.

In Chester *v.* Jumel, 56 Hun, 641, a new trial upon the ground of newly-discovered evidence was refused on the ground that the conduct of the moving party had been disingenuous and misleading, and the granting of the motion would result in the perpetration of a fraud.

Where a witness is produced who is disinterested and credible, and who testifies that the plaintiff stated to· him the nature of the transaction in controversy, and that such statement was in direct conflict with his testimony at the trial, and in accord with that of the defendant,  a motion

Note on " New Trial on Ground of Newly-discovered Evidence."

for a new trial on the ground of newly-discovered evidence should be granted. Weber v. Weber, 5 N. Y. Supp. 178. .

Where the newly-discovered evidence impeaches a book of account introduced by the adverse party upon the trial, which the party seeking the new trial had not previously had an opportunity to inspect, a new trial should be allowed. Wilcox S. P. Co. v. Barclay, 48 Hun, 54. To render newly-discovered evidence cumulative, it must be of the same quality or description as that given upon the trial of the action. Id.

The newly-discovered evidence must not be cumulative. Plyer v. German A. Ins. Co., 15 N. Y. St. Rep. 865. Nor must the party seeking a new trial be chargeable with laches. Id.

Where the newly-discovered evidence consists of additional testimony which was sharply controverted on the trial, and is, therefore, plainly cumulative, a new trial will not be granted. Abrams v. Van Brunt St., etc., R. R. Co., 13 Civ. Pro. 402.

A motion for a new trial made by an assignee of cause of action, on the ground of newly-discovered evidence, should be denied, if made after a great lapse of time. Evans v. United States L. I. Co., 21 Abb. N. C. 315.

A judgment of the court of appeals, giving judgment absolute upon the usual stipulation on an appeal from an order of the general term granting a new trial, precludes a subsequent motion for a new trial on the ground of newly-discovered evidence. Evans v. U. S. L. I. Co., 21 Abb. N. C. 315.

A party applying for a new trial on the ground of newly-discovered evidence must present the affidavit of the proposed witnesses, or explain such omission. Matter of Collins, 6 Dem. 286.

A motion for a new trial on the ground of newly-discovered evidence will not be granted, where it appears that the submission of such alleged newly-discovered evidence will not produce a result upon the new trial different from that of the former trial. Brady v. Mayor, etc., 54 Supr. 457.

Where it appears that a reasonable exertion of diligence would have enabled the party applying for a new trial to have seasonably obtained the newly-discovered evidence, a motion for a new trial on such grounds should be denied. Wilson v. Wilson, 47 Hun, 636. This is especially so, if there is no reasonable certainty that, on a new trial, such evidence will produce an opposite result. Id.

A new trial will not be granted on the ground of surprise and newly-discovered evidence for the reason that the action was determined on a point not expected by plaintiff's counsel, and he did not deem such evidence, though available at the time, to be either material or necessary in the view he took of the issues to be tried. Dillingham v. Flack, 63 Hun, 629.

An affidavit upon mere belief or understanding, without a positive or unqualified assertion of a matter of fact which is necessarily within the knowledge of the affiant, is insufficient to support a motion for a new trial on the ground of newly-discovered evidence. Conable v. Smith, 46 N. Y. St. Rep. 2. Where the proposed witness was in court at the time of the

trial, to the knowledge of the moving party, his want of knowledge as to what the witness would testify is no excuse for not calling him. Id. It is not permissible for parties to thus experiment with the court, and afterwards claim the privilege of a new trial under pretence that the evidence is newly-discovered. Id.

The following principles are settled in regard to granting new trials on the ground of newly-discovered evidence. The testimony, upon which the motion is based, must have been discovered since the former trial. It must have been such as could not have been obtained with reasonable care before. It must be material to the issue. It must go to the merits of the case, and not to impeach the character of former witnesses. It must not be cumulative. The facts must be strong, and the party averring them free from laches. Dillingham *v.* Flack, 63 Hun, 629 ; Grupe *v.* Brady, 51 Supr. 513; Raphaelsky *v.* Lynch, 34 Id. 31; Emmerich *v.* Hefferan, 53 Id. 98 ; Geneva, etc., R. R. Co. *v* Hefferan, 35 Hun, 95.

The rules applicable to new trials for newly-discovered evidence are (1) The evidence must be discovered since the trial. (2) It must appear that it could not have been obtained on the trial by the exercise of reasonable diligence. (3) It must be material to the issue. (4) It is not sufficient if it merely tends to impeach witnesses. (5) It must not be cumulative. (6) It must be reasonably certain that a new trial will change the result. Kanter *v.* Rubin, 45. N. Y. St. Rep. 277.

The requisites for a successful motion for a new trial upon the grounds of newly-discovered evidence are these : It must appear (1) that the evidence has been discovered since the trial. (2) It could not have been obtained upon the former trial by the exercise of due diligence. (3) That it is not cumulative. (4) That in its character it is so decisive that there is a reasonable certainty that on another trial it would change the result. (5) That the motion has not been unreasonably delayed. Conable *v.* Smith, 46 N. Y. St. Rep. 2.