### MALLERY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. February 16, 1905.)

1. MUNICIPAL COURT—APPEAL—COSTS.

An appellant from a Municipal Court judgment cannot, by conceding that it cannot prevail, procure a dismissal or withdrawal of the appeal, without costs, against the objection of the respondent; nor can the court, in its discretion, permit such a dismissal or withdrawal, but the judgment must be affirmed, with full statutory costs.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Cortlandt H. Mallery against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Henry A. Robinson, for appellant.
Harcourt Bull, for respondent.

PER CURIAM. In this action, as in a number of others, the appellant, conceding that, under the recent decision of the Court of Appeals in Griffen v. Interurban Street Railway Company, 179 N. Y. 438, 72 N. E. 513, it cannot prevail upon this appeal, seeks leave to withdraw the appeal without costs, or upon other conditions involving the payment of less than the full statutory costs upon the affirmance of a judgment. The allowance of costs in this court upon appeals from the Municipal Court is regulated by statute, and the court is given no discretion except when the judgment or final order appealed from is modified, or a new trial is granted, which is not the case here. An appeal may be dismissed without costs only when neither party brings it to a hearing, which, again, is not the case here. When the judgment or final order is reversed, costs must be awarded to the appellant, and, when affirmed, must be awarded to the respondent. Nowhere in the Municipal Court act, nor in the rules promulgated by the Appellate Division, is there to be found any provision for the withdrawal, against the objection of the respondent, of an appeal once taken and perfected, nor the devolution upon the court of the power to allow such withdrawal. Upon similar applications to the present it has been the rule to dismiss the appeal, but always upon payment of a full bill of costs. Brown v. Simons, 14 Daly, 456; Mackay v. Lewis, 73 N. Y. 382. In the present case, and all other similar cases, the appellant concedes that it cannot prevail,

upon appeal. There is therefore no occasion to dismiss the appeal, and the judgment must be affirmed, with costs.

Judgment affirmed, with costs.