TAI ON LUCK CORP., Appellant, *v.* ASSUNTA CIROTA, Doing Business as 70 BAYARD STREET PHARMACY, et al., Respondents.

First Department, December 17, 1970.

*Max Steinberg* of counsel (*Norman C. Harlowe*, attorney), for appellant.

*William I. Cohen* (*Benjamin Cohen* with him on the brief), for Assunta Cirota, doing business as 70 Bayard Street Pharmacy, respondent.

NUNEZ, J.    Petitioner landlord appeals, by permission of the Appellate Term, from a determination entered in that court on May 22, 1970, which by a divided court, reversed a judgment of the Civil Court of the City of New York, New York County (awarding the landlord possession of premises in a holdover proceeding) and directed a new trial.

The pertinent facts in this litigation are sufficiently stated in the dissenting opinion and the majority opinion in the Appellate Term, and need not be repeated herein.    Essentially, the question presented is the effect of a provision in a lease (art. 38) which gave the tenant the right to renew for an additional term of five years " at an annual rental rate to be determined by the landlord."

Concededly the tenant complied with the provision in the lease as to appropriate notice of intention to renew.    However, although the tenant was paying a rental of $400 per month for the five-year term ending May 31, 1969, the landlord, upon being advised of the intention to renew, " determined " that the rental for the renewal period was to be $2,000 per month.

At the trial in the Civil Court, the tenant interposed an equitable defense claiming that the parties had by mistake omitted to qualify the provsion of article 38 to restrict any increase in rent during the renewal term to a sum not in excess of 15% of the rent for the first term.    The Appellate Term affirmed the finding by the Civil Court that the defense of mistake had not been sustained.    In view of our determination herein, it is unnecessary to disturb that finding.

However, the majority of the Appellate Term found that the $2,000 monthly rental fixed by the landlord on its face " appears arbitrary and unconscionable " and remanded the proceeding " for a new trial, to be treated as a non-payment proceeding, to determine whether or not the rent demanded by landlord was in 'fact arbitrary or unconscionable."    The Appellate Term further directed that upon such new trial: " If the rent fixed by landlord is found to be arbitrary or unconscionable, the trial court shall fix a rent not unconscionable in the circumstances, upon proof of all relevant factors and not necessarily confined to what may be deemed a reasonable rent."

We agree with the conclusion of the Appellate Term that the interests of justice require a new trial.    Little can be added to the opinion of the majority in the Appellate Term to demonstrate the soundness of the decision arrived at.    Rigid formalism should not prevent courts from refusing to enforce arbitrary and unconscionable acts.

Nor do we see any insuperable objection to affirmance in the reasons advanced in the dissenting opinion. That a landlord and tenant relationship exists is clearly established by the record. The tenant in possession exercised the option and extended the tenancy as provided by the lease. The dissent concedes that the rent demanded for the new term is unconscionable. Yet the dissent would compel the tenant to pay that rent or forfeit all rights. The law in such cases properly imposes a condition that the rentals so fixed be not arbitrary and unconscionable.

The extended discussion in the dissenting opinion regarding the effect of the majority's decision upon possible further appeal to the Court of Appeals seems inappropriate at this juncture and consequently will not be dealt with herein except for an observation or two. Initially it must be emphasized that the power of this court to review the determination of the Appellate Term could be invoked only by the filing of a stipulation for judgment absolute (see CPLR 5703, subd. [a]). The giving of such a stipulation is an act that is always fraught with dangerous consequences (see *Mackay* v. *Lewis,* 73 N. Y. 382, 383; *Hiscock* v. *Harris,* 80 N. Y. 402, 407). If those consequences ensue upon an affirmance, it seems faulty logic and misplaced indulgence that would seize upon such foreseeable development as a basis for relieving a litigant from the effects of the stipulation. The furthest the Court of Appeals has gone in such situations has been to permit a withdrawal of the stipulation and the appeal (*Vento* v. *South Brooklyn Ry. Co.,* 271 N. Y. 614; *Sperti* v. *City of Niagara Falls,* 281 N. Y. 708). We cannot, as indicated in the dissent, consciously ignore the existence of the stipulation and treat the appeal as if the stipulation did not exist.

In any event, it is suggested that the usual course in treating with the question of further appeal to the Court of Appeals is to await an application by interested counsel, and not to anticipate that problem or to render an advisory opinion on it. We should go no further than decide the appeal before us.

We conclude that the determination of the Appellate Term should be affirmed, without costs or disbursements. However, since the landlord, in order to obtain leave to appeal to this court (CPLR 5703, subd. [a]), stipulated for judgment absolute in the event of an affirmance, there must be a final holding that the rent demanded by the landlord is arbitrary and unconscionable, that the proceeding be converted into a nonpayment proceeding, and the matter be remanded to the Civil Court for the sole purpose of determining the appropriate rental for the renewal period in accordance with the criteria laid down by the

Appellate Term. (See *Matter of Brosowski* v. *American Airlines,* 297 N. Y. 849; *Tortora* v. *State of New York,* 269 N. Y. 167; Cohen and Karger, Powers of the New York Court of Appeals, § 69, p. 306.)

Settle order.

McNALLY, J. (dissenting). I would reverse the judgment of the Appellate Term and reinstate the judgment of the Civil Court in this summary proceeding and would award possession to the landlord appellant.

On May 24, 1964, a lease was entered into between Jennie C. Lee and Assunta Cirota. This lease expired on May 31, 1969. The annual rent set forth therein was $4,800 payable $400 monthly. The lease was on the standard form of Real Estate Board of leases and article 38 contained the following clause: "Tenant may renew this lease for an additional term of five years next succeeding May 31, 1969, at an annual rental rate to be determined by the landlord, provided, however, that tenant gives notice in writing to the landlord, by registered mail, of its intention so to renew, no later than four months prior to the expiration date of the first five year term."

The present landlord appellant purchased the subject property on August 1, 1968 from a corporation which acquired it in February, 1967 from Jennie C. Lee and took title subject to the said lease.

The tenant interposed the following equitable defense: article 38 omitted by mistake a provision that the rental for the additional five-year term would not exceed 15% above that for the first term. The trial court held that the tenant failed to sustain this defense and awarded final judgment of possession to landlord. The majority in the Appellate Term held that the defense of mistake was not made out, but directed a new trial, not on the ground of holdover as stated in the petition, but on the ground of nonpayment on the premise that if the rent to be determined by the landlord was construed as meaning any sum arbitrarily fixed by the landlord, his promise to renew was illusory and no promise at all since it was defeasible at the landlord's sole will by demanding a wholly unrealistic rent. The proceeding was remanded for a new trial to be treated as one for nonpayment, permitting the trial court to determine whether or not the rent demand was arbitrary and unconscionable, and if the rent was found to be arbitrary and unconscionable, the trial court was directed to fix a rent not unconscionable in the circumstances.

Extremely important questions concerning holdover summary proceedings for the possession of business property are involved. Implicit in the holding of the Appellate Term is the dismissal

of the holdover petition. In addition, the Appellate Term *sua sponte* has foisted on the landlord a nonpayment proceeding and directed a trial to determine whether landlord's rent demand for a renewal is arbitrary or unconscionable and, if so, to fix the reasonable rent for the period of renewal. The majority has affirmed this holding.

There is jurisdictional and fundamental difference between a holdover and a nonpayment proceeding. A holdover proceeding requires the allegation and proof of " the expiration of his (tenant's) term ", whereas a nonpayment proceeding requires the allegation and proof of a landlord-tenant relation and failure to pay the reserved rent. (Real Property Actions and Proceedings Law, § 711.) The landlord's petition alleges the expiration of the lease as the ground for recovery of possession. The Appellate Term, in directing that the proceeding be treated as one for nonpayment, impliedly adjudged that the lease has been renewed and the landlord-tenant relation subsists, despite the expiration of the original term of the lease. The direction for a new trial does not mitigate the finality of this implicit determination of the Appellate Term in respect of the holdover proceeding. The landlord has not been afforded and will not have the opportunity of a new trial of the holdover proceeding. This issue has been finally and conclusively resolved against the landlord.

The direction of this court for judgment absolute is necessarily limited to the nonpayment proceeding. It has no application to the holdover proceeding. (Cf. *Manko* v. *City of Buffalo,* 294 N. Y. 109; *Luotto* v. *Field,* 294 N. Y. 460; Cohen and Karger, Powers of the New York Court of Appeals [Rev. ed.], § 21, pp. 88, 89.)

The Appellate Division may not grant permission to appeal to the Court of Appeals as to the nonpayment proceeding when it has affirmed and directed judgment absolute on an appeal taken by stipulation for judgment absolute from an Appellate Term determination granting a new trial. (*Hoffman* v. *Fraad,* 249 N. Y. 537; *Vieser* v. *Bellows,* 239 N. Y. 622; *Gordon* v. *Hartman,* 79 N. Y. 221.) There is no statutory mandate for granting judgment absolute, and in the event of affirmance of the determination of the Appellate Term, granting a new trial, the Court of Appeals will not presume that the Appellate Division has ordered judgment absolute when the Appellate Division's order of affirmance is silent in that regard. In such circumstances, the Court of Appeals will treat the order of the Appellate Division as an order granting a new trial and appealable to the Court of Appeals upon obtaining permission to appeal

from the Appellate Division and the filing of a stipulation for judgment absolute in the Court of Appeals. (*Floyd-Jones* v. *Schaan,* 203 N. Y. 568; *Pfister* v. *Coopersmith,* 297 N. Y. 966; Cohen and Karger [Rev. ed.], § 65, p. 291, note 50.)

In the *Pfister* case (*supra*) the respondent landlord instituted a proceeding in the Municipal Court of the City of New York to obtain possession for her own use of premises formerly rented to tenant appellant. On the trial, the court dismissed the petition by reason of the landlord's failure to obtain the necessary certificate from the Rent Commission. On appeal to the Appellate Term, the order of the Municipal Court was reversed and a new trial ordered. The Appellate Division, Second Department (273 App. Div. 823), unanimously affirmed the judgment without costs and stated '' Permission to appeal to the Court of Appeals is hereby granted.''

In *United Security Corp.* v. *Suchman* (282 App. Div. 661, 760) two Judges in the Appellate Division, First Department, voted to reverse the determination of the Appellate Term. Leave to appeal was granted and the case went to the Court of Appeals (306 N. Y. 858), where a motion to dismiss was granted unless a stipulation for order absolute was filed. (See, also, *Travelers Ins. Co.* v. *Shachner,* 280 N. Y. 758.)

Conceding, *arguendo,* that the landlord is not entitled to make application to go to the Court of Appeals in the nonpayment proceeding, it seems unfounded, certainly unprecedented, that, without statutory or decisional basis, authority is granted to Civil Court to fix '' reasonable rent ''. In ordinary circumstances, in view of this dissent, such a departure could and should be taken up to the Court of Appeals. Such a review may be effectively thwarted by acceptance and implementation by the majority of the appellants' stipulation for judgment absolute, as stated, *supra.* That stipulation need not, indeed should not, have been accepted in circumstances where a simple affirmance would permit the Appellate Division to consider an application for leave to appeal, so that our highest court might pass upon what appears to be a completely unfounded exercise of judicial power. This avoidance of review does not reflect that judicial humility which should ever attend the process of formulating decision-made law, and that is to be regretted. This is especially so, in view of the holding of the majority which permits any and all tenants in a nonpayment proceeding affecting business and commercial premises to raise the defense of unconscionability and the judicial fixation of rent without statutory authority.

The remand of the Appellate Term with the direction to treat the proceeding as one for nonpayment exceeded its power. The jurisdiction of the Civil Court with respect to summary proceedings for the possession of real property is statutory. A precept and petition for a nonpayment proceeding are the *sine qua non*. There is neither a precept nor a petition therefor. The direction of the Appellate Term *ex proprio motu* to proceed as a nonpayment proceeding is without precedent and in conflict with the statutory jurisdictional prerequisites.

The additional direction of the Appellate Term to fix reasonable rent is beyond its jurisdiction and finds no support in the statutory provisions for the jurisdiction of the Civil Court.

Assuming the extraordinary judicial power to initiate and compel the prosecution of a nonpayment proceeding, there is no basis therefor in law or in equity. It assumes the existence of the landlord and tenant relationship, which the petition alleges and the record establishes has expired. It also assumes the commencement of a new term. These assumptions rest entirely on the provision for renewal. The renewal never became effective because the rental determined by the landlord, within the literal terms of the renewal clause, was rejected by the tenant. The landlord was under no legal duty to accept the tenant in the first place, and likewise under no obligation to extend the tenancy.

A renewal or extension of a lease must be consensual; it may not be imposed. We are not concerned with emergency legislation based on a legislative finding of an emergency. There is no judicial power to impose a tenancy in the absence of express consent of the landlord.

Tenant's brief cogently argues the renewal provision, insofar as it provides that the rent shall be determined by the landlord, is too indefinite for enforcement. Nevertheless, the Appellate Term held to the contrary, that it is definite and enforceable. This strained result rests on the assumption that the provision for the landlord's determination of the rental is unconscionable. There is not a scintilla of evidence of any duress, economic or otherwise, in 1964 when the lease was made. Each party was represented by counsel. The lease was fully negotiated at arm's length. Moreover, in the absence of a provision for the reasonable exercise of a right or privilege, the landlord is not required to justify his determination. (*Dress Shirt Sales* v. *Hotel Martinique Assoc.,* 12 N Y 2d 339.)

That the rent demanded for the new term is unconscionable may be conceded. However, it is of no relevancy unless it concerns a legal obligation. The Appellate Term assumes the issue which is decisive — the continuance of the tenancy beyond the

expiration of the lease. The renewal did not become effective because the rental determined by the landlord was not agreeable to the tenant. This result follows from the unambiguous provisions of the renewal clause, entered into without mistake, as found by the Civil Court and affirmed by the Appellate Term. Section 2–302 of the Uniform Commercial Code, adverted to by the Appellate Term, has reference to sales and is inapplicable to leases. The other cited authorities pertain to definite enforceable contracts, and, particularly, to situations where there has been performance to the advantage of the party sought to be charged. Here, there was no renewal, no definite enforceable obligation, and no benefit to the landlord which is referable to the provisions for renewal.

The dissenting opinion of the Appellate Term by Mr. Justice LUPIANO properly held, although the result may be harsh, it is consequent on the agreement of the parties, which the court may not reshape.

The determination of the Appellate Term should be reversed, and the judgment of the Civil Court affirmed.

CAPOZZOLI, J. P., and TILZER, J., concur with NUNEZ, J.; McNALLY, J., dissents in opinion in which MARKEWICH, J., concurs.

Determination, Appellate Term, Supreme Court, First Department, entered on May 22, 1970, affirmed, without costs and without disbursements, and the matter is remanded to the Civil Court for the sole purpose of determining the appropriate rental for the renewal period in accordance with the criteria laid down by the Appellate Term.

Settle order on notice.