■ In the Matter of QUEENS-NASSAU NURSING HOME, Petitioner, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which approved certain audit disallowances in the promulgation of petitioner's Medicaid reimbursement rate. The sole issue in this proceeding is whether there is substantial evidence in the record to support respondent's finding that the lease between petitioner and its landlord is a nonarm's length transaction. We hold there is and, therefore, dismiss the petition. Sometime in 1972, Herman Greenbaum, the present operator of petitioner residential health care facility, entered into an agreement with Albert Schwartzberg and others to lease a residential health care facility in up-State New York. When Greenbaum decided that the facility was located too far away from his residence in New York City, the agreement was terminated, but Schwartzberg retained the down payment of some $218,404, which Greenbaum carried as a debt owing to him. Thereafter, Schwartzberg introduced Greenbaum to Maurice Gershman, who was then the duly licensed operator of petitioner and a member of the partnership that owned the premises leased by petitioner. Schwartzberg was also a member of that partnership. By agreement dated June 14, 1973, Gershman assigned all of his interest as operator of petitioner and lessee of the premises to Greenbaum and an associate, who thereafter sold his interest to Greenbaum. The agreement was contingent upon the Public Health Council's approval of Greenbaum as the operator of petitioner. Such approval was obtained by Greenbaum in December, 1974. In settlement of the outstanding debt owed by Schwartzberg and his associates to Greenbaum, an interest in the partnership that owned the premises in which petitioner conducted its business was assigned in 1976 to several of Greenbaum's associates, including his son, petitioner's administrator and petitioner's housekeeper. Following an audit, petitioner's protest

and formal hearings, respondent determined that the lease agreement between Greenbaum and the partnership which owns the premises was a non-arm's length transaction and that, therefore, reimbursement should not be based upon the actual rental paid by petitioner. This proceeding ensued. Petitioner argues that the subsequent transaction whereby his son and other associates obtained an interest in the partnership which owns the premises is irrelevant. Rather, petitioner contends that the critical point in time is June, 1973, when Gershman assigned his interest as lessee and operator to Greenbaum, and, petitioner argues, there is no evidence that that transaction was anything other than arm's length. Petitioner conveniently ignores, however, that in this transaction he obtained a lease which was originally negotiated by Gershman at a time when Gershman had a 40% interest in the partnership that owned the premises. Thus, the lease concededly was not the product of an arm's length transaction. Respondent has relied not only on this factor, but others as well, including the prior dealings between Greenbaum and members of the fee-owning partnership, which resulted in Greenbaum carrying their debt for several years until it was satisfied by a transfer of an interest in the fee-owning partnership to Greenbaum's son and other associates. Respondent also noted that Greenbaum conceded that he purchased the business without first ascertaining any of the income and expense figures, and that investment yields on the lease were excessively high. Given these factors, it cannot be said that respondent's determination lacks a rational basis and it must, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Weiss, and Levine, JJ., concur.