■ CAMBRIDGE ASSOCIATES, Appellant, v TOWN OF NORTH SALEM, Respondent. [724 NYS2d 319] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), dated December 20, 1999, which granted the defendant's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and for judgment in favor of the defendant as a matter of law dismissing the complaint.

Ordered that the order is affirmed, with costs.

On a post-verdict motion for judgment as a matter of law, the trial court must determine from the evidence presented at trial whether any rational basis exists for the conclusion reached by the jury (*see,* CPLR 4404 [a]; *Cohen v Hallmark Cards,* 45 NY2d 493). Moreover, the test is not whether the jury erred in weighing the evidence but rather, whether there is any viable evidence to support the verdict (*see, Matter of Tokarz,* 199 AD2d 400). Here, the plaintiff failed to provide sufficient evidence from which a rational jury could conclude that the plaintiff's loss of rental income was caused by the breach of the defendant's stipulation of settlement to provide a permanent water supply to the property by a certain date (*see, Kenford Co. v County of Erie,* 73 NY2d 312; *Kasem v Phillip Morris USA,* 244 AD2d 532). The evidence showing that the property suffered from a high vacancy rate, and the evidence as to what the property could have earned had it been rented, was speculative (*see, Lloyd v Town of Wheatfield,* 67 NY2d 809). Similarly, the extraordinary expenses resulting from the defendant's delay in performance and the lost opportunity to sell the property were so remote and unforeseeable as not to be in the contemplation of the parties at the time the contract was signed. Thus, the court properly declined to submit the claim for those expenses to the jury (*see, Ashland Mgt. v Janien,* 82 NY2d 395).

Accordingly, the Supreme Court properly set aside the verdict and directed judgment as a matter of law in favor of the defendant (*see, Wenger v Alidad,* 265 AD2d 322). Bracken, P. J., Florio, Schmidt and Adams, JJ., concur.