■ Bialystoker Center & Bikur Cholim, Respondent, v Lower East Side Health Care Holding Corporation, Appellant, et al., Respondents. [850 NYS2d 405]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered June 23, 2005, which reversed a judgment of the Civil Court, New York County (Lucy Billings, J.), entered February 19, 2004, insofar as it awarded respondent tenant damages on its counterclaim against petitioner landlord for breach of lease, and ordered a new trial on the issue of damages, unanimously affirmed, with costs. The Clerk of the Civil Court, New York County is directed to enter judgment absolute against respondent tenant.

We disagree with Appellate Term that tenant's damages, assessed by Civil Court in the principal amount of $2,307,223.15, and allegedly caused by an inability to procure Public Health Law article 28 healthcare facilities or providers as subtenants due to the lack of a certificate of occupancy, were not contemplated by the parties at the time they executed the lease obligating landlord to obtain a certificate of occupancy. It is undisputed that landlord, whose principals operate a nursing home next door to the premises in question, was aware of article 28 and the enhanced reimbursement rate it affords to providers serving Medicare and Medicaid patients, and that such providers would be among the subtenants that tenant would hope to attract (see Kenford Co. v County of Erie, 73 NY2d 312, 319 [1989]; cf. Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp., 296 AD2d 103, 108 [2002]).

Nevertheless, we affirm, since, as Appellate Term alternatively held, it does not appear that landlord's failure to obtain a permanent certificate of occupancy prevented tenant from renting space in the building to article 28 providers. The building was in fact tenanted at times by different doctors and programs, including some article 28 providers, despite the lack of a permanent certificate of occupancy, and tenant provided no evidence

that the building's underutilization, and the short duration of the tenancies, were a result of that lack; indeed there was uncontroverted expert testimony to the contrary (*cf. Cambridge Assoc. v Town of N. Salem*, 282 AD2d 702 [2001]).

Furthermore, as Appellate Term also alternatively held, the trial court erred in calculating tenant's "total lost gross income" based solely on the amount of monthly sublet rent reserved in the 1996 sublease between tenant and a closely affiliated subtenant for the first floor. That sublease clearly was not the product of an arm's length transaction (*see Matter of Queens-Nassau Nursing Home v Axelrod*, 91 AD2d 776 [1982]) where tenant's president, who executed the main lease on tenant's behalf in 1995, was a 10% shareholder of both tenant and its subtenant/ affiliate, and all of the subtenant's principals were principals of tenant.

In seeking leave to appeal the Appellate Term's order granting a new trial, a nonfinal order, tenant stipulated "to the entry of judgment absolute against it in the event permission is granted to appeal and there is a subsequent affirmance by the Appellate Division" (*see* Rules of App Div, 1st Dept [22 NYCRR] § 600.3 [b] [2]). Insofar as these two preconditions have occurred, "judgment absolute" should be entered against the tenant (*see* CPLR 5703 [a]). Indeed, "[t]he giving of such a stipulation is an act that is always fraught with dangerous consequences" (*see Tai on Luck Corp. v Cirota*, 35 AD2d 380, 382 [1970], *lv dismissed* 29 NY2d 747 [1971]; *see also Hiscock v Harris*, 80 NY 402 [1880]; *Mackay v Lewis*, 73 NY 382 [1878]).

We reject any suggestion that, in the event an appellant so stipulates and the order on appeal is affirmed, the use of the words "judgment absolute may be entered against him" in CPLR 5703 (a) distinguishes that statute from its counterpart statute CPLR 5601 (c), which employs the word "shall" instead of "may" (*see City of New York v Scott*, 178 Misc 2d 836, 841 [1998], relying on *Tai on Luck Corp.*, 35 AD2d at 382-383). In any event, in its leave application, tenant stipulated to absolute judgment upon affirmance (*see Mackay v Lewis*, 73 NY 382 [1878], *supra* [court cannot relieve party from stipulation]). Accordingly, tenant's claim for damages based on breach of the lease agreement should be dismissed, and judgment absolute entered against tenant. Concur—Mazzarelli, J.P., Marlow, Williams and Catterson, JJ.

Motion for amendment/modification granted to the extent of recalling and vacating the decision and order of this Court entered on November 8, 2007 (45 AD3d 307 [2007]) and a new decision and order substituted therefor. [*See* 8 Misc 3d 127(A), 2005 NY Slip Op 50942(U).]