LANMAN *et al. v.* THE LEWISTON RAILROAD COMPANY.

An appeal to this court, from an order granting a new trial, lies only when the party obtaining the verdict is content, if he cannot sustain it, to fail wholly in his action or defence.

Where the order is for a new trial unless the plaintiff will remit a part of his verdict, he cannot appeal and retain the benefit of the alternative judgment for a reduced amount.

Accordingly where, in such a case, the plaintiff stipulated that in case the order for a new trial should be affirmed, the judgment should be reduced as proposed by the court below, his appeal was dismissed.

Motion on the part of the appellants for leave to dismiss their appeal on payment of costs.

*Chauncey Tucker*, for the appellants.

*John H. Reynolds*, for the respondent.

JOHNSON, Ch. J. The plaintiffs had judgment in the Supreme Court at special term for damages and costs. The defendants appealed, and the court at general term, on that appeal, ordered a new trial, unless the plaintiffs would deduct a certain sum from the judgment; in case they consented

to the deduction, judgment of affirmance was given as to the residue of the judgment. The plaintiffs did not consent to the deduction, but appealed to this court. In the notice of appeal they stipulate that, if the order shall be affirmed, the deduction shall be made from the judgment and the residue thereof affirmed. The plaintiffs now move to dismiss their appeal, on payment of costs.

The provision of the Code as to appeals to this court from orders granting new trials is, that no such appeal shall be effectual for any purpose unless the notice of appeal contain an assent, on the part of the appellant, that if the order be affirmed, judgment absolute shall be rendered against the appellant. And it is further made the duty of this court, if it determines that no error was committed in granting the new trial, to render judgment absolute upon the right of the appellant. The consent in the notice of appeal is quite different from that which the act requires. These plaintiffs agree, if they fail, that judgment shall be rendered in their favor, while the statute says that in that case judgment absolute must be rendered against them. If they desired in this stage of the cause to appeal to this court, they could do so by waiving the alternative order which the Supreme Court, if they consented, were ready to make, and allowing the order for a new trial to stand as the decision of the court. But in that aspect they were bound entirely to abandon the alternative relief granted on condition of their assent to the deduction, and to stipulate, in the terms of the statute, for judgment absolute against them in the action if they failed in reversing the order for a new trial. This provision was intended to meet that class of cases where the party prevailing at the trial is satisfied either to sustain his verdict by the judgment of this court or fail altogether in his action or defence. It embraces a large class of cases in which a new trial can only be a useless expense, because the whole merits are presented and disposed of by the decision of the question of a new

trial. Its terms are rigid for the very purpose of confining appeals from orders granting new trials to the class of cases mentioned, and it is only in that class of cases in which the merits are all presented on the motion for a new trial that this sort of appeal can be safely brought. This case does not fall within the purport of the statute, as is apparent from the form of assent in the notice of appeal. It might have been dismissed, as not well brought, on the motion of the respondents, or by the court on its own motion, if it were brought to argument. Under these circumstances, the appellant is right in moving to dismiss his own appeal, and the motion must be granted on payment of the costs of the appeal and $10 costs of the motion.

Appeal dismissed