BENJAMIN G. HITCHINGS, APPELLANT, *v.* ELLEN VAN BRUNT, ADMINISTRATRIX, RESPONDENT.

*Contract—Attorney and Client—Compensation—Presumption.*

A contract by which a large compensation is to be paid to the attorney by the client, on condition of success on an appeal which he advises, is to be scrutinized by the Court, and every presumption taken against the attorney.

In such case, if the attorney does not succeed on the appeal, he is to be deemed to be entitled to nothing.

*Sam'l Hand* for Appellant.

*P. S. Crooke* for Respondent.

BACON, J.—The agreement upon which this action is brought is one between an attorney and his client, providing for a large compensation upon the success of the former in conducting the cause, where the client was assured that the case was one which not only stood very strong for him, but in which he must succeed.

In considering such a transaction, it may not perhaps be necessary to go to the extreme length of some of the cases which hold that where a security is thus taken, the absolute presumption of unfairness arises wherever the relation of counsel and client exists (Evans *v.* Ellis, 5 Denio, 640 ; Howell *v.* Ransom, 11 Paige, 538) ; but it is proper to invoke the well-settled doctrine announced by this Court in Nesbit *v.* Lockman, 34 N. Y. 167, that the law looks upon such a transaction with great suspicion, that it will be regarded with jealousy and scrutinized with care, and that the presumption is against the propriety of the transaction.

This rule it is manifestly just to take into account as applicable to the interpretation of the instrument in question. If the meaning is not transparently obvious—if it will admit of a construc-

tion 'favorable to the client, he is entitled to that construction, not only upon the ground above suggested, but upon the familiar principle that the construction of an instrument produced by one as the essential foundation of his cause of action, for this is to be taken most strongly contra præferentem.

Above most, if not all, other classes in the community, a lawyer, to whom important interests are intrusted, and in whom great confidence is reposed, should be careful not to expose himself to the imputation of exacting hard terms from, or taking advantage of either the necessity or ignorance of his client, to secure a benefit to himself.

Now, what did the agreement provide for? The Plaintiff, as the counsel for the Defendant, had contested the probate of the codicil of Elias Hubbard's will before the Surrogate, and been defeated. The client was persuaded into trying the experiment of an appeal to the Supreme Court, upon an assurance of success, and agreed to pay liberally for such a result. The instrument accordingly provided that such an appeal should be taken, and that Plaintiff was to attend to and argue the same, and in case of success, and the decision of the Surrogate was reversed by the Supreme Court, the compensation of the attorney was to be $1,000 in addition to such costs and allowances as might be granted by the Court. There was another clause in the agreement, that in case it should be necessary "to contest" the case in the Court of Appeals, the Plaintiff should have such further compensation as might be just, and a final provision that the Defendant was not to settle the case without the approval of the Plaintiff, and in case he did so settle, was to be immediately liable for the full compensation "as herein provided."

The construction of the main and important part of the instrument admits of no doubt. It provided for compensation upon a clearly-specified contingency, to wit, success on the appeal to the Supreme Court. If the Plaintiff had succeeded in that appeal, he would have been entitled, as is remarked by the Judge in the Court below, to that sum, even if the case had been appealed by the unsuccessful party and the judgment of the Supreme Court

had been reversed. But as he was not successful on the appeal, he was entitled to nothing under his agreement, which had performed its whole office the moment the Supreme Court made its decision upon that appeal.

The final clause in the agreement cannot be construed to revive the claim which had become defunct by reason of the failure of the event on the occurrence of which alone a right to demand, or a duty to pay, arose. The "full compensation" therein spoken of was the compensation "herein provided," that is, provided for in the former part of the agreement, which was $1,000 in case of success in the Supreme Court. The clause was applicable by the clearest implication to the cause in the Supreme Court, and to a settlement which might be made while the case was still pending there and undetermined, and it ceased to be operative the moment the decision there was made, and the appeal had proved unsuccessful. I agree with the counsel for the Respondent, that the word "contest" in the second clause of the agreement was understood and intended by the parties to apply to the case of a possible contest arising upon an appeal by the parties who were upholding the codicil in case the Surrogate's decree should be reversed in the Supreme Court.

Both the Plaintiff and the Defendant obviously counted on success in that Court, and the contest in view was, as it seems to me, one against an adversary who should by a further appeal threaten to deprive them of the fruits of their anticipated victory. The agreement will admit of this construction without doing violence to its language, and in a case of this kind I think the Defendant is entitled to such an interpretation. The instrument did not contemplate an appeal to be prosecuted by the Plaintiff, on behalf of the Defendant, after he had been defeated in the Supreme Court. This was a state of things not within the expectation of the parties, and not provided for in the agreement.

The counsel of the Defendant was therefore right in asking the Judge upon the trial to charge:

1. That the compensation of $1,000 was only in case the Plaintiff succeeded in the Supreme Court; and

2. That the agreement in the latter clause, that in case of settlement by the Defendant she was to be immediately liable for full compensation as therein provided, meant such compensation as was specified in the agreement; viz., $1,000 in case the Plaintiff succeeded in the Supreme Court, and not otherwise. These requests were refused, and the Defendant's counsel excepted. The refusal thus to charge was, in my view, erroneous. For this error the judgment was in the Supreme Court reversed, and a new trial ordered, and that judgment should be affirmed.

In the judgment of the Supreme Court a qualification was annexed providing for an affirmance of the judgment rendered on the verdict, on the condition that the Plaintiff remitted all but $200 of the recovery; and the counsel for the Appellant now asks this Court, if we come to the conclusion that the order for a new trial was right, to give him the benefit of that condition here, and still allow judgment to stand for $200. I think the Plaintiff is too late to ask the benefit of this condition. He did not consent to the correction, but appealed to this Court, and on taking his appeal he stipulated that if the order should be affirmed, judgment absolute should be rendered against him. Lanman v. Lewiston Railroad Co., 18 N. Y. 493, holds explicitly that an appeal to this Court from an order granting a new trial, lies only where the party obtaining the verdict is content, if he cannot sustain it, to fail wholly, in his action or defence; and that, where the order is for a new trial, unless the Plaintiff will remit a part of his verdict, he cannot appeal and retain the benefit of the alternative judgment for a reduced amount. The order should be affirmed, and judgment absolute rendered for the Defendant, with costs.

All concur.

JOEL TIFFANY,
State Reporter.