JAMES W. WILBER, Appellant, *v.* STEPHEN A. SISSON, Respondent.

C., owning two dairy farms, with fifty cows, entered into a contract with G., who agreed to work the dairy and farms and to deliver to C. 9,600 pounds of cheese, to be made at the F. C. cheese factory; G. to have the residue. C.'s part of the cheese to be delivered by G. at whatever place it was contracted to be delivered at when sold. G. delivered the milk at the factory. All the cheese manufactured at the factory was sold under an arrangement with the contributors, and the proceeds paid to defendant, as treasurer, to be by him distributed. C. received the avails of all of his portion save about 1,432 pounds from G., this balance realized $349.13. The account at the factory was kept in the name of G., although C. requested the account for the 9,600 pounds to be kept in his name. There remained in defendant's hands $402.19 credited to G.; of this defendant paid to C. $349.13. In an action brought by plaintiff, as assignee of G., *held*, that the avails of the 9,600 pounds of cheese, the first products of the dairy, belonged to C. G. had neither ownership nor right to sell, and that plaintiff was only entitled to recover the balance.
Also, *held*, that it was not material that the cheese was not made exclusively out of the milk from C.'s dairy, it was the product of that dairy, and it did not lie with G. to assert title to it as against C.

(Submitted March 10, 1873; decided June term, 1873.)

APPEAL from order of the General Term of the Supreme Court, in the eighth judicial district, setting aside a verdict in favor of plaintiff and directing a new trial. (Reported below, 53 Barb., 258.)

This action was brought by plaintiff as the assignee of one John Gamel, to recover the sum of $402.19, alleged to have been received by defendant for the use of Gamel.

One Ansel F. Conger, being the owner of two dairy farms in the vicinity of a cheese factory in the town of Collins, Erie county, known as the first cheese factory of Collins,

entered into an agreement with John Gamel, in January, 1865, by which Conger agreed to place upon those farms fifty good dairy cows, and Gamel agreed to take possession of the farms and dairy on the first day of March then next, and to " work the dairy and the land " for one year. Gamel was to commence on the fifteenth day of May, 1865, and have made at this factory, in Collins, 9,600 pounds merchantable cheese, called in the agreement " Conger's part of the cheese," and deliver it at whatever place it should be contracted to be detivered when sold ; all the rest of the cheese and butter was to be Gamel's. This cheese manufactory was patronized by about forty different persons, and among them Gamel, who furnished milk to it from this dairy to be manufactured into cheese ; the milk of each patron was weighed and all poured in together and manufactured into cheese, and all sold at the factory, and the proceeds paid to the treasurer, and by him apportioned and paid to the patrons ; George Sisson was salesman, and defendant treasurer ; the milk furnished by Gamel was credited to him at the factory ; it was known at the factory that it came from Conger's dairy and farm ; Conger called upon one of the proprietors of the factory to have the credit changed from Gamel to him, and was referred to the book-keeper, who stated that he had no right to change the names on his books. But of the proceeds of the milk furnished from this dairy, manufactured into cheese and sold at the factory ,Conger received, on certificates made to Gamel, and indorsed by him, the pay for 8,167 $\frac{52}{100}$ pounds of the 9,600 pounds of cheese, leaving a balance of 1,432 $\frac{48}{100}$ pounds. Further sales of cheese were made at this factory in September of that year, all of which was paid to and then in the hands of the defendant, as treasurer, amounted to $402.19, $349.13 of which it would require to pay for the 1,432 $\frac{48}{100}$ pounds, balance of " Conger's part of the cheese." In November following the plaintiff, as the assignee of Gamel, of the proceeds of all moneys received for cheese made of milk of the dairy kept on the Conger farm, claimed and demanded of the defendant the $402,19, who declined to pay

it, but, upon being indemnified by Conger, paid him the
$349.13. Thereupon the plaintiff brought this action to
recover the $402.19 standing to the credit of Gamel on the
books of the factory. The evidence tended to show that at
the time and before he purchased this demand, he knew of
the agreement between Conger and Gamel, and that Conger
claimed to be entitled to the sum in question. When the evi-
dence closed, the defendant insisted that upon it the plaintiff
was not entitled to recover; but the court held otherwise,
and the defendant excepted. The defendant's counsel then
proposed to address the jury upon the question whether the
plaintiff had notice of the rights of Conger to the cheese or
its avails when he purchased of Gamel, but the court held
and decided that there was no question for the jury, and to
that ruling the defendant excepted, and then insisted that if
the plaintiff was entitled to recover anything, it was only the
excess over the $349.13, but the court held otherwise, and
directed a verdict against the defendant for the full amount
of $402,19 and interest, amounting in all to $445, to which
the defendant excepted. The jury rendered a verdict as
directed. Exceptions were ordered to be heard in the first
instance at the General Term. A new trial was ordered by
the General Term, unless the plaintiff would stipulate to
reduce the verdict to $53.06 and interest from the commence-
ment of the action. Plaintiff did not so stipulate, but
appealed.

*C. C. Torrance* for the appellant. Conger, under this con-
tract, could have no interest in the cheese on account of its
being the product of the farm and cows. (*Dinehart* v. *Wil-
son*, 15 Barb., 395; *Putnam* v. *Wise*, 1 Hill, 234; *Stewart*
v. *Dougherty*, 9 J. R., 108; *Agan* v. *Ramer*, 2 id., 420;
*Dockham* v. *Park*, 9 Greenl., 139.) The record made by the
pleadings is an estoppel against defendant. (Code, § 168.)

*John Ganson* for the respondent. The contract between
Conger and Gamel was not a lease; they occupied the posi-

tion of master and servant, and the title to the cheese never passed from Conger. (*Wilbur* v. *Sisson*, 53 Barb., 258.) Such would be the construction of the contract even if it were a lease. (*Lewis* v. *Lyman*, 22 Pick., 437, 443 ; *Chamberlain* v. *Shaw*, 18 id., 278 ; *Caswell* v. *District*, 15 Wend., 379 ; *Chase* v. *McDormell*, 24 Ill., 236 ; *Billings* v. *Tucker*, 6 Gray, 368 ; *Hatch* v. *Hart*, 40 N. H., 93 ; *Briggs* v. *Oaks*, 26 Ver., 138 ; *Smith* v. *Niles*, 20 id., 315.)

Gray, C. The agreement under which Gamel agreed to "work the dairy and land" of Conger, so far as it related to the cheese to be manufactured from the milk yielded by the dairy thereon, is susceptible of but one just construction, and that is that Gamel was not to take or dispose of any portion of it until after he should deliver 9,600 pounds to Conger, at whatever place it should be contracted to be sold. It was but the residue of the cheese, with the butter thereafter produced from the milk of the dairy, that was to belong to him, and to the avails of the 9,600 pounds of cheese, the first product of the dairy, he neither (as against Conger) acquired ownership nor the right to sell. (*Chamberlain* v. *Shaw*, 18 Pick., 278, 282, 283 ; *Lewis* v. *Lyman*, 22 id., 437, 443, 444 ; *Hatch* v. *Hart*, 40 N. H., 93, 98, 99.)

The principle adjudged in these cases is approved in *Pulman* v. *Wise* (1 Hill, 234, 247, 248), whenever in its operation it would not be a fraud upon the occupant's creditors. No such ground is assumed here, and if the plaintiff had rested his case upon the ground that he was a *bona fide* purchaser without notice, and there was merit in it, the court erred in not permitting the defendant's counsel to argue that question to the jury. The cheese was manufactured at the place agreed upon, and that being the place it was contracted to be delivered when sold, Conger's title to it was complete. It was not his fault that the cheese stood to the credit of Gamel at the factory ; that was a matter arranged by Gamel without Conger's consent, and apparently against his wishes. Nor did it matter that it was not made exclusively out of the milk

of his dairy; it was not made out of any other milk in which Gamel had an interest, and, as it was in reality the product of Conger's dairy, it did not lie with Gamel to assert a title to it as against him.

The judgment appealed from should be affirmed, and, under the plaintiff's stipulation, judgment absolute must be rendered against him, with costs. (*Hutchins* v. *Van Brunt* 38 N. Y., 335.)

All concur.

Order affirmed, and judgment accordingly.