## CHAUNCEY M. SOULE, Appellant, v. CORNELIUS MOGG, Respondent.

*Agent liable for the amount of a check, lost through his neglect in not promptly collecting it — one patron of a cheese factory may sue alone to recover damages occasioned to him by the negligence of its salesman.*

One of the patrons of a cheese factory brought an action against the salesman thereof to recover his share of the amount of a check, received by the salesman upon the sale of cheese. The check was received on August third, but was not presented for payment until after the failure of the drawer on September eleventh:

*Held,* that the neglect of the defendant to collect the check within a reasonable time rendered him liable for the loss sustained by the company.

That the check might be regarded as money in the hands of the defendant, belonging to the plaintiff in common with the other patrons of the factory and that the plaintiff might maintain a separate action to recover his interest therein.

Appeal from a judgment of the Onondaga County Court, reversing a judgment in a Justice's Court in favor of the plaintiff.

The action was brought by the plaintiff, one of the patrons of a cheese factory, to recover his share of the proceeds of a check of $472.30 drawn by Richard Perrine to the order of the defendant who was the salesman for the patrons. It was alleged that the defendant had been negligent in collecting the check in question.

The check was given August 3, 1882, and had the same been presented within reasonable time thereafter it would have been paid, inasmuch as the drawer Perrine did not fail until September 11, 1882. The plaintiff was also the assignee of the claim of one West, another of the patrons.

*Cornelius E. Stephens,* for the appellant.

*F. A. Lyman,* for the respondent.

Hardin, P. J.:

When the county judge reversed the justice's judgment he stated in the memorandum, "the one perplexing question of this case is whether the action was properly brought or not." He added "he thought it was not," and without passing upon any other questions involved in the appeal reversed the judgment. We have looked at the other

objections involved in the case and agree with the county judge that the main and pivotal question in the case is the one referred to by him in his memorandum. The evidence in the court below, and the verdict based thereon, established the fact that it was the duty of the defendant within a reasonable time to collect the check which he received from Perrine, drawer of the check, and also the fact that the defendant did not perform the duty, but did negligently and improperly so conduct himself in respect to his duty in regard to the check that the same was not paid, and that by the reason of the insolvency of Perrine, the amount of money represented by the check became and was wholly lost to the patrons of the cheese factory.

The recovery below is therefore based upon the negligence of the defendant. We think the defendant's liability was the same that it would have been if he had received the cash, the sum of money represented by the check, and carelessly and negligently lost it, or intentionally diverted it from the hands of the persons severally entitled to receive the same. This view of the case leads up to the conclusion which, we think, was warranted by the evidence that the plaintiff was a tenant in common of the money in the hands of the defendant, and by reason of the injury sustained by the plaintiff in consequence of the negligent acts of the defendant, the plaintiff has sustained damages. We think the right to recover in this action is sustained by the authorities relating to the rights of one tenant in common to maintain an action for the conversion of his proportionate share in the property appropriated or lost.

In *Channon* v. *Lusk* (2 Lans., 213), JOHNSON, J., stated a recovery that authorized the rule in respect to tenants in common, and he adds, " this court held in *Tripp* v. *Riley* (15 Barb., 335) that where tenants in common held property, severable in its nature, like grain, where the shares of each could be determined by measurement or weight, each tenant had the right to sever it, and take his share and sell it, or otherwise appropriate it without being liable to his co-tenants for a conversion of the common property. * * *

The rule should, of course, be confined to property readily divisible, and commonly divided, by weight, tale or measurement, into portions absolutely alike in quality and value, and as grain in bulk,

money and the like. * * * The doctrine that one tenant in common cannot maintain trover against his co-tenant as long as the latter keeps possession of the common property and until a loss, sale, or destruction of it can be shown, was applied originally to property of this latter description. Thus, in Coke on Littleton (199 *b*), it is laid down : but if two be possessed of chattels, personals in common by divers titles, as of a horse, an ox, a cow, etc., if the one take the whole to himself out of the possession of the other, the other hath no remedy but to take this from him who hath done the wrong ; * * * but this rule has no reasonable or proper application to articles like grains and fluids in bulk, or money, not adapted to common use amongst several owners.

Such property is most commonly used in several portions according to the respective rights of the common owners for sale, consumption, or otherwise by cash, and, indeed, it scarcely admits of any other.

In *Channon* v. *Lusk*, the plaintiff did not seek to take the common property, but to sever and take his own share. The refusal of the defendant was not to deliver to the plaintiff the common property ; if it had been, the action could not have been maintained ; but he denied the plaintiff, and refused to permit him to exercise, the right of severance and to take what, if the right had been exercised, became the plaintiff's own property. It is not very material whether it is called conversion of plaintiff's property or unlawful interference with his rights ; in either case the plaintiff is deprived of his property and the privilege of using it or selling it if he might see fit to. He is damnified in the right of his property. To the extent of the injury sustained he has a right of action. (*Small* v. *Robinson*, 9 Hun, 420, and cases cited in opinion of Mullin, P. J.)

At the close of the opinion in *Channon* v. *Lusk*, in making reference to *Lobdell* v. *Stowell* (37 How., 88), the same doctrine contained in the opinion of Judge Johnson, to which we have referred, is found. And it is said, at the close of the opinion in *Lobdell* v. *Stowell*, that the judgment of the County Court of Chenango county was affirmed in the Special Term, and the opinion therein was delivered by Mason, J. And that same case appears in the 51st New York, 70, where the Supreme Court was affirmed

by the Commission of Appeals. In *Stall* v. *Wilbur*, the authority we have referred to was quoted with approbation. The court says such property being separable by weight or measure, each tenant in common may demand of his co-tenant, having possession of the whole, his share, and, upon refusal or conversion of his co-tenant, may sue in his own name without joining all other co-tenants. (77 N. Y., 164.) If the defendant, in this case before us, had paid to the plaintiff his proportionate share of the moneys represented by the check and taken a receipt therefor, it would have discharged the defendant's liability to that extent. Besides, it would have been in execution of the duty of the defendant toward the plaintiff and all other persons interested in the moneys represented by the check. (*Bishop* v. *Edmiston*, 16 Abb., 472; see, also, *Wilber* v. *Sisson*, 54 N. Y., 121.)

The respondent calls our attention to section 1919 of the Code of Civil Procedure, authorizing the bringing of actions in the name of officers of incorporated associations. We fail to see in that section anything which aids the position which the respondent takes, to wit, that the plaintiff did not have a cause of action against the defendant by reason of the negligence in respect to the check, causing the loss of the money named in the check, and the amount which was the defendant's portion of the money thus lost easily ascertained. We think the plaintiff's action is right, and that the facts sufficiently established at the trial the damages which the plaintiff recovered. We have discovered no questions in the course of the trial before the justice which it is necessary to comment upon. We are of the opinion that the justice's judgment ought not to have been reversed. We must, therefore, reverse the judgment of the County Court and affirm that of the Justices' Court.

Judgment of the County Court of Onondaga county reversed and the judgment of the Justices' Court affirmed.

BOARDMAN and FOLLETT, JJ., concurred.

So ordered.