■ ANGELA MCPEEK, Appellant, v STEPHEN KRISHER, Respondent.—In a proceeding to modify the terms of an order of the Family Court, Queens County (Torres, J.), dated September 9, 1986, with respect to visitation by the respondent with the parties' child, the petitioner appeals from an order of the Family Court, Queens County (Torres, J.), dated February 27, 1987, which dismissed the petition, without a hearing, and without prejudice to renewal.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, said application is referred to Justice Mangano, and leave to appeal is granted by Justice Mangano; and it is further,

Ordered that the order is reversed, in the exercise of discretion, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

The petitioner and the respondent were married in 1979 and divorced in 1983. There is an infant issue of the marriage, Daniel, who was born in 1979. Custody of the infant was given to the petitioner and the respondent was given visitation rights. During the ensuing years, the parties engaged in extensive litigation involving charges of failure to pay support and denial of visitation rights. In the interim, in February 1986 the respondent remarried. On July 14, 1986, in settlement of then pending litigation between the parties, the petitioner agreed to modify the respondent's visitation rights. This settlement, which was incorporated in an order dated September 9, 1986, *inter alia,* granted the respondent unsupervised visitation with the child. Pursuant to this agreement, the child was with the respondent in August 1986.

On September 11, 1986, the petitioner brought this proceeding for modification of the order dated September 9, 1986. Specifically, the petitioner sought supervised visitation for Daniel based on allegations by the respondent's new wife that the respondent, *inter alia,* (1) had assaulted her with a knife in the child's presence, and (2) under the influence of alcohol, had driven a car with the child in it. After the respondent's new wife testified at a hearing, the Family Court issued a temporary order of protection in favor of the child, and pursuant to a temporary order of visitation dated September 22, 1986, directed that the respondent have visitation with the child "at the courthouse under probation supervision". The case was adjourned until November 12, 1986. On that date,

the parties agreed to modify the temporary order of visitation dated September 22, 1986, by allowing the respondent supervised visitation with the child at the home of the respondent's brother in Queens. An order of the Family Court, dated November 12, 1986, was issued, to reflect that agreement, and the case was adjourned to January 12, 1987, and then to February 27, 1987. On the latter date, the petitioner's attorney requested an adjournment (which was concurred in by the Law Guardian) because petitioner's key witness, i.e., the respondent's new wife, was at the end of her term of pregnancy and had been forbidden by her doctor to travel. This request was denied, and the petition was dismissed.

The result of the Family Court's determination on February 27, 1987, was to reinstate the order dated September 9, 1986, which granted the respondent visitation rights with his child without any supervision. However, as of February 27, 1987, there had been no final disposition of the allegations which had led the Family Court to issue its orders dated September 22, 1986, and November 12, 1986, respectively, directing that the respondent's visitation with his child be supervised. Moreover, there is no question that the absence of the petitioner's key witness was based on bona fide medical necessity. Under these circumstances, the Family Court abused its discretion in denying the petitioner's request for an adjournment and dismissing the petition. Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.