■ YONG A. FOPPIANO, Respondent, v ROBERT A. FOPPIANO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Sacks, J.H.O.), entered October 17, 1988, as (1) awarded the plaintiff wife $107,000 for her interest in certain gold coins and a deferred annuity, (2) declared the plaintiff's interest in a business, purchased during the marriage, to be her separate property, and (3) implicitly found that gifts of jewelry given to the plaintiff by the defendant constituted the plaintiff's separate property.

Ordered that the judgment is modified, on the law and the facts, by adding a provision thereto that any jewelry given by the defendant to the plaintiff during the course of their marriage constitutes marital property; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, to determine (1) what gifts of jewelry were given by the defendant to the plaintiff during the marriage, (2) the value of these gifts, and (3) the manner in which the jewelry so given is to be equitably distributed.

After a trial at which both parties presented evidence, a Judicial Hearing Officer (hereinafter J.H.O.) determined, inter alia, that $114,000 obtained from a deferred annuity and certain gold coins, which were valued by the defendant at $100,000 during an examination before trial, were marital property and were to be equally divided between the parties. The J.H.O. further determined that the plaintiff purchased an interest in a fish market with gifts received from her family and that her interest in the fish market constituted separate property. Additionally, the J.H.O. found that certain items of jewelry given to the plaintiff by the defendant during the marriage constituted separate property.

Having reviewed the record, we decline to disturb the findings of fact rendered by the J.H.O. We note that the defendant was unable to trace the source of the marital funds he claims he utilized to purchase an interest in the fish market, stating only that he had acquired the money through "saving". It is undisputed, however, that the plaintiff made several trips to Korea to visit her family, and during each visit received substantial sums of money from her family, which sums, she testified, were used to purchase her interest in the fish market. Since the defendant produced no evidence that these sums were not attributable to gifts from the plaintiff's family, and since no credible evidence was adduced pointing to an alternative source of funds for the plaintiff's purchase of the fish market, the J.H.O. properly concluded that the market was purchased with the plaintiff's separate property *(cf., Sarafian v Sarafian,* 140 AD2d 801). Further, since the J.H.O. found that the defendant disposed of the gold coins and the proceeds of the annuity, which he does not dispute were marital property, the J.H.O. properly awarded the plaintiff an amount equal to her interest in those assets.

As both parties agree, however, the J.H.O. erred in concluding that all gifts of jewelry given to the plaintiff by the defendant during the marriage constituted separate property *(see, Woertler v Woertler,* 110 AD2d 947, 949; Domestic Relations Law § 236 [B] [1] [c], [d] [1]). Although on appeal, both parties now agree that the gifts are marital property, they offer conflicting allegations with respect to precisely what gifts were made by the defendant and what value should be assigned to them. Since the J.H.O. did not resolve these disputed issues in light of his finding that all gifts were separate property, and because the record is otherwise insufficient to permit meaningful independent review of the parties' contentions regarding these questions, the matter must be remitted to the Supreme Court, Richmond County, for a determination of: (1) what gifts of jewelry were given to the plaintiff and received; (2) what values are to be assigned to these gifts; and (3) in what manner the gifts are to be equitably distributed.

We have reviewed the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.