■ LORETTA FELDMAN, Respondent, v ROBERT S. FELDMAN, Appellant. [611 NYS2d 879] —In an action for a divorce and ancillary relief, the defendant former husband appeals from a judgment of the Supreme Court, Nassau County (Mellan, J.H.O.), entered August 1, 1991, which, after a nonjury trial, found that the former marital residence constituted the separate property of the plaintiff wife, not subject to equitable distribution.

Ordered that the judgment is reversed, on the law and the

facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and recomputation of the distributive award, in accordance herewith.

It is well established that, as a general rule, marital fault of a party is not to be considered in determining equitable distribution of property following the dissolution of a marriage (see, O'Brien v O'Brien, 66 NY2d 576; Blickstein v Blickstein, 99 AD2d 287). While the trial court correctly found the former husband not guilty of egregious conduct sufficient to affect the equitable distribution award, it then erroneously issued a judgment which awarded the marital residence to the wife as her separate property, and made no mention of the parties' other assets. The court failed to consider alleged marital debt, the former husband's contributions (both financial and noneconomic) to the marriage, real property in Pennsylvania which was jointly owned by the parties, oil wells, an automobile, items of personalty, jewelry given by the former husband to the former wife which had been given him by his mother, the pensions and annuities of the parties, the funds accumulated by the wife and held in four trust accounts for her daughter from a prior marriage, which were established during the course of the marriage, and the improvements to the marital residence which caused its value to appreciate greatly.

As all these items were acquired during the marriage, they constitute marital property (see, Domestic Relations Law § 236 [B] [1] [c]) and they should have been valued (see, Harrell v Harrell, 120 AD2d 565; Coffey v Coffey, 119 AD2d 620; D'Amato v D'Amato, 96 AD2d 849). Once valued, it was incumbent upon the court to make distributive awards thereof equitably between the parties, giving consideration to the circumstances of the case and of the respective parties (see, Domestic Relations Law § 236 [B] [5] [c]). Although the marital residence was the primary asset held by the parties, the court's disregard of the remaining items of marital property was unjustified. Further, gifts given by one spouse to another during the marriage do not constitute separate property and are subject to equitable distribution (see, Foppiano v Foppiano, 166 AD2d 550), so that even if the court found that the former husband's transfer of title to the marital premises to the former wife was a gift, the premises did not become the separate property of the former wife. Further, neither party submitted any documentary proof as to the satisfaction of the mortgage on the marital premises. Upon remittitur, each party should be credited with their respective initial contributions to the

purchase of the marital residence, and then a distribution shall be made (see, Price v Price, 69 NY2d 8; McAlpine v McAlpine, 176 AD2d 285; Butler v Butler, 171 AD2d 89).

That portion of the value of a pension which accrued during the marriage constitutes marital property subject to equitable distribution (see, Majauskas v Majauskas, 61 NY2d 481; Shapiro v Shapiro, 151 AD2d 559).

As applications for adjournments are ordinarily addressed to the trial court's sound discretion, the court must engage in a balanced consideration of all relevant factors (see, Saborio v Saborio, 147 AD2d 468; McPeek v Krishner, 134 AD2d 578). The trial court's refusal to grant a one-day adjournment to permit a pension appraiser to testify constituted a clear improvident exercise of discretion and, upon remittitur, the parties must be granted the opportunity to present evidence as to the value of the pensions and the former wife's annuity.

Domestic Relations Law § 236 (B) (1) (c) provides that outstanding financial obligations incurred during the marriage which are not solely the responsibility of the spouse who incurred them may be offset against the total marital assets to be divided. However, there must be an offer of proof that the debts constitute marital expenses (see, Brundage v Brundage, 100 AD2d 887; Reiner v Reiner, 100 AD2d 872). It was incumbent upon the former husband to establish his contention that various money judgments against him were incurred for marital expenses. Upon remittitur, he should make offers of proof as to these claimed marital debts.

In light of the foregoing, the matter must be remitted to the Supreme Court for a hearing and evaluation of all the items of marital property.

Further, the trial court utterly failed to enumerate the statutory factors involved in the equitable distribution award, as mandated by Domestic Relations Law § 236 (B) (5) (g). This requirement may not be waived by either party or counsel. While the court summarily stated at the close of its decision that it had weighed these factors, it neglected to place its considerations or findings on the record. This was error. Thus, upon remittitur, the trial court must enumerate the factors and the weight accorded each in compliance with Domestic Relations Law § 236 (B) (5) (g) (see, Dunne v Dunne, 172 AD2d 482).

We have examined the former husband's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.