OPINION OF THE COURT
Howard H. Sherman, J.
Petitioner moves for an order restoring this holdover proceeding to the calendar pursuant to the order of the Appellate Term, as affirmed by the Appellate Division (239 AD2d 113), for a new trial on whether the Department of Housing Preservation and Development (HPD) had cause to deny respondent’s application to succeed to his mother’s tenancy. Respondent opposes on two grounds: (1) this application violates the parties’ stipulation of August 23, 1995 made at the Appellate Term, where they agreed that if the Appellate Term granted leave to appeal to the Appellate Division and the order of the Appellate Term granting a new trial is affirmed, judgment absolute may be entered against petitioner; and (2) the petitioner lost any right to maintain this proceeding when it sold the building in 1996. Petitioner counters that (1) the remand language of the Appellate Division supersedes any agreement between the parties; and (2) despite the fact that title has been transferred, petitioner may still maintain this proceeding based upon the denial by the Appellate Division of respondent’s application to dismiss the appeal as moot due to a transfer of ownership, and the finding by the Appellate Division that the conveyance of the property obviates any claim that respondent must first bring a CPLR article 78 proceeding to challenge HPD’s administrative determination.
For the reasons stated below, petitioner’s application to restore this holdover proceeding to the Trial Calendar is denied.
PROCEDURAL HISTORY
The City of New York commenced this licensee holdover proceeding in 1992. It is undisputed that respondent resided at the subject premises with his mother, the legal tenant, from 1985 until her death in 1991, and then alone thereafter. Respondent’s answer contained, inter alia, the affirmative defense of succession rights to the apartment. Prior to the commencement of this proceeding, HPD denied respondent’s application to HPD for tenancy in his own name as well as respondent’s pro se administrative appeal, but failed to inform him he had the right to challenge it by comméncing an article 78 proceeding.
*838 Petitioner’s pretrial motion to strike respondent’s defense of succession rights was denied by the Honorable Carl O. Cal-lender, who also presided over the trial. During the trial, respondent offered evidence to support his claim that he was eligible under HPD’s successor tenancy policy to become the tenant of the subject premises. HPD merely asserted at trial that respondent was ineligible to become the tenant because he engaged in “unacceptable activity” of drug trafficking in the vicinity of the premises. Petitioner preserved its objection that the Housing Court had no jurisdiction to consider respondent’s succession defense, which it claimed had been addressed at the administrative level, but did not offer any evidence to demonstrate the reason why HPD denied respondent’s application. By decision and order dated July 15, 1993, the court dismissed the petition, finding that the Housing Court had jurisdiction to consider respondent’s claim of succession rights, that respondent was entitled to a hearing on the denial of his administrative application at HPD and that respondent proved he was a remaining family member entitled to succession rights.
By order dated August 4, 1995, the Appellate Term reversed the trial court decision, ordered a new trial and remanded the case for a hearing on the issue of whether respondent’s activities in the subject premises disqualified him from eviction protection as a successor tenant. Although the trial court dismissal of the petition was reversed, the petitioner was not awarded a judgment, the Appellate Term holding: “While the Civil Court dismissed the petition, we deem it preferable to direct a new trial. The question whether respondent’s activity at the premises disqualifies him from eviction protection as a successor tenant was not developed below, and there should be a merits determination of that issue before respondent’s status is finally resolved.”
As a condition of petitioner’s appeal to the Appellate Division pursuant to CPLR 5703 (a), the parties then entered into a stipulation before the Appellate Term, First Department, which provided: “it is hereby stipulated that if this court grants petitioner leave to appeal to the Appellate Division, First Department from this court’s order, entered August 9, 1995, reversing the judgment of the Civil Court and granting a new trial, judgment absolute may be entered against petitioner in the event that this Court’s order is affirmed [emphasis added].” In unanimously affirming the order of the Appellate Term and remanding the matter to the Civil Court for a new trial, the Appellate Division, by order dated May 1, 1997, found that *839 respondent made a prima facie showing of entitlement to the apartment under HPD’s successor tenancy policy. The Appellate Division held (239 AD2d, supra, at 114): “because respondent received no meaningful opportunity at the agency level to confront the evidence of his alleged drug trafficking, no notice of the facts relied on by HPD in reaching its determination, and no advice of his right to the article 78 relief, due process requires that respondent be permitted to litigate his family-member succession entitlement as a defense to the City’s holdover proceeding”. It is clear that both the Appellate Term and the Appellate Division rejected petitioner’s blanket assertion that, in a holdover proceeding in the Housing Part of the Civil Court, HPD need not justify its determinations made at the administrative level. Petitioner’s insistence that the court lacked jurisdiction to examine the administrative record resulted in an absence of evidence as to what occurred at HPD. The appellate courts have now directed the parties to remedy the undeveloped record and elucidate this issue at a new trial.
Title to the subject premises was transferred to Elsmere, Ltd., a nonprofit partnership, on June 28, 1996. The Appellate Division further held that the transfer to a private owner obviated any concerns that respondent should first bring an article 78 proceeding before seeking judicial relief, even in the absence of a formal substitution under CPLR 1018 {supra, at 114).
ISSUES
The issues before the court are whether the remand language of the Appellate Division providing for a new trial supersedes the stipulation permitting entry of judgment absolute against petitioner upon affirmance of the Appellate Term order. If a new trial should be held, the court must further determine whether the petitioner may maintain this proceeding given that title to the building has been transferred.
STIPULATION OF JUDGMENT ABSOLUTE
All appeals from the Appellate Term to the Appellate Division are governed by CPLR 5703, which provides in pertinent part: “(a) From appellate terms. An appeal may be taken to the appellate division, from an order of the appellate term which determines an appeal from a judgment or order of a lower court, by permission of the appellate term or, in case of refusal, of the appellate division. When permission to appeal is sought from an order granting or affirming the granting of a new trial or hearing, the appellant shall stipulate that, upon affirmance, *840 judgment absolute may be entered against him.” (Emphasis added.) Pursuant to the above provision, an appeal to the Appellate Division can only proceed if an appellant agrees that judgment absolute may be entered against him, upon affirmance of the Appellate Term order granting a new trial.
Respondent argues that the provision for a new trial and the stipulation for judgment absolute in CPLR 5703 (a) is the counterpart of CPLR 5601 (c), appeals to the Court of Appeals as of right, and CPLR 5602 (b) (2) (iii), appeals to the Court of Appeals by permission (citing Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5703:l, at 567). Both CPLR 5601 (c) and 5602 (b) (2) (iii) provide that where the appellant stipulates that, upon affirmance of an order granting a new trial, judgment shall be entered against him.
In response, petitioner argues, without supplying any authority, that the use of the word “may” in CPLR 5703 demonstrates that there is no mandate requiring the Appellate Division to enter judgment absolute, even if the order granting a new trial has been affirmed. Petitioner contends that the use of the word “may” in CPLR 5703 as opposed to the use of the word “shall” in CPLR 5601 (c) or 5602 (b) (2) (iii) distinguishes it sufficiently, giving the Appellate Division greater discretion. Petitioner concludes that, therefore, the Appellate Division order remanding for a new trial contradicts neither the statute nor the stipulation.
The consequences of the requirement that judgment absolute pursuant to both CPLR 5601 (c) and 5602 (b) (2) (iii) be entered against the appellant are severe: “This means that if the Court of Appeals finds the appellate division to be within its powers in granting a new trial, and hence affirms the order granting it, it will not mean a new trial at all; it will mean that the appellant has lost everything: the trial court judgment that the appellant wanted to reinstate as well as the second chance (the new trial) that the appellate division had offered” (Siegel, NY Prac § 527, at 821 [2d ed]). Indeed, case law shows that upon affirmance by the Court of Appeals of Appellate Division orders remanding for a new trial, the court enters judgment absolute against the appellant based upon the stipulation (Kuci v Manhattan & Bronx Surface Tr. Operating Auth., 88 NY2d 923 [1996]; Matter of Brosowski v American Airlines, 297 NY 849 [1948]; Tortora v State of New York, 269 NY 167 [1935]).
The Court of Appeals approach to stipulations of judgment absolute was followed in Tai On Luck Corp. v Cirota (35 AD2d 380, 382-383 [1st Dept 1970], appeal dismissed 29 NY2d *841 747 [1971], citing Matter of Brosowski v American Airlines, supra, and Tortora v State of New York, supra). There the Appellate Division affirmed an Appellate Term order for a new trial in the holdover proceeding, directing the parties to settle order. Although the Court recognized that the landlord was entitled to entry of judgment absolute on its holdover proceeding, the Court then converted the proceeding to a nonpayment and remanded the nonpayment proceeding back to the trial court solely to determine the appropriate rent level. By upholding the procedure that affirmance of an Appellate Term order for a new trial results in the entry of a judgment absolute against appellant, the First Department endorsed the view that CPLR 5703 (a) operates the same way as CPLR 5601 (c) and 5602 (b) (2) (iii). Therefore, despite the fact that in another context the Court of Appeals held that the use of the word “may” indicates that an instruction is discretionary (Matter of Natural Resources Defense Council v New York City Dept. of Sanitation, 83 NY2d 215 [1994]), this court must reject petitioner’s argument that the use of “may” in CPLR 5703 distinguishes it from CPLR 5601 (c) and 5602 (b) (2) (iii).
REMITTITUR INSTRUCTIONS
The remittitur instructions of the Appellate Division, First Department, however, are an impediment to respondent’s claim that this proceeding cannot be restored for trial.
The Appellate Division’s authority to provide instructions to a lower court upon the determination of an appeal lies in CPLR 5522 (a), which provides in pertinent part: “A court to which an appeal is taken may reverse, affirm, or modify, wholly or in part, any judgment, or order before it, as to any party. The court shall render a final determination or, where necessary or proper, remit to another court for further proceedings”. The Appellate Division thus has the authority to remit to a lower court for further proceedings, and a new trial will be granted when it appears that issues in the case have not been fully litigated (11 Carmody-Wait 2d, NY Prac § 72:172, at 462). In this case, the appellate court’s determination of the question of law in the affirmative, to wit, whether the Civil Court does have jurisdiction to consider the administrative determination by HPD, has resulted in an incomplete record requiring a new trial to resolve these now relevant questions of fact.
It is important to note that the Court of Appeals specifically orders entry of judgment absolute when appropriate (i.e., Fishman v Manhattan & Bronx Surface Tr. Operating Auth., 79 *842 NY2d 1031 [1992]). This is in contrast to the instant matter, where the Appellate Division has refrained from ordering entry of judgment absolute against the petitioner, despite the existence of the stipulation conferring such power upon the Appellate Division. Similarly, the Appellate Division in Hargraves Mills v Gordon (137 App Div 695, affd 203 NY 568 [1911]) declined to enter judgment absolute despite the existence of such a stipulation. That case contains a procedural history similar to the instant matter and offers an apt lesson. There, the trial court entered a judgment in favor of the tenant in an action for rent, the Appellate Term reversed and ordered a new trial, and a stipulation for judgment absolute was provided in order to appeal to the Appellate Division. The Appellate Division simply affirmed the order of the Appellate Term, however, and did not enter judgment absolute against the tenant. Under these facts the Court of Appeals held: “This was not a judgment absolute against the defendant, but simply an affirmance of the order of the Appellate Term reversing the judgment of the Municipal Court and granting a new trial” (at 569). This is also true in the instant matter. The court notes that in respondent’s brief to the Appellate Division he argued in favor of an opportunity to present evidence concerning the right to possession at a trial in the Housing Court, and urged the Appellate Division to affirm the order of the Appellate Term. It did.
Respondent cites Hitchings v Van Brunt (38 NY 335 [1868]) and Lanman v Lewiston R. R. Co. (18 NY 493 [1859]) in support of his argument that there are no exceptions to the rule that the losing party to an appeal is bound by their stipulation to judgment absolute. This may be, but the assertion is not supported by those cases. In Hitchings (supra), the Court of Appeals rendered judgment absolute against the appellant, which was not done in the present case. In Lanman (supra), the Court of Appeals dismissed an appeal despite a stipulation for judgment absolute, holding that it only applies to cases where the whole merits are presented and disposed of, which was not the case there, nor is it the case here.
Furthermore, once an appellate court has issued a remittance order, the lower court is bound to follow it. Trial courts are without authority to vacate or modify orders of the Appellate Division, or to reverse holdings of that Court (Maracina v Schirrmeister, 152 AD2d 502 [1st Dept 1989]). The doctrine of stare decisis requires that courts of original jurisdiction follow the decisions and precedents of the Appellate Division, which *843 have jurisdiction of law and fact (Ross Bicycles v Citibank, 149 AD2d 330 [1st Dept 1989]), and an appellate decision ordering a new trial becomes the law of the case (Hornstein v Podwitz, 229 App Div 167 [1st Dept 1930], affd 254 NY 443 [1930]). In particular, the Civil Court has no power to change the terms of a remittitur from an appellate court (Matter of Barton Realty Corp. v Mangan, 25 AD2d 730 [1st Dept 1966]). A trial court, upon a remand or remittitur, is without power to do anything except obey the mandate of the higher court, and render judgment in conformity therewith (United States v Pink, 36 NYS2d 961 [Sup Ct, NY County 1942]).
An applicant cannot seek to amend the order remanding the proceeding for a new trial by making such application at the lower court, even if the relief sought, enforcement of the stipulation for entry of judgment absolute, is correct. If the remittitur is erroneous in any respect, or if there is any uncertainty as to the effect of the language employed, the remedy is by an application to the appellate court to amend it (Matter of Ministers of Refm. Prot. Dutch Church v Municipal Ct., 185 Misc 1003 [Sup Ct, NY County 1946], affd 270 App Div 993 [1st Dept 1946], affd 296 NY 822 [1947]). Unless the appellate court in its decision and order directs that the new trial be limited in scope it should be construed to require a new trial generally (Ceravole v Giglio, 186 AD2d 170 [2d Dept 1992]). Based upon the foregoing, this court has no power or authority to do anything but follow the directions of the Appellate Division and commence a new trial.
CHANGE IN OWNERSHIP
The Appellate Division has already ruled that this proceeding may be maintained despite the change in ownership. The trial court is without authority to grant relief on this issue which was previously denied by the Appellate Division (Brown v Brown, 169 AD2d 487 [1st Dept 1991]).
REMITTITUR PROCEDURE
CPLR 5524 (b) governs appellate court orders for remittitur and further proceedings, and provides that a copy of such order be remitted to the clerk of the lower court: “The entry of such copy shall be authority for any further proceedings. Any judgment directed by the order shall be entered by the clerk of the court to which remission is made.” In order for this court to proceed, a copy of the Appellate Division order must be entered in the clerk’s office. As the parties are silent as to whether this *844 has been done, the application for a new trial must presently be denied. Upon a showing that the order has been properly entered, the matter will be automatically placed upon the court’s Trial Calendar.
Based upon the foregoing, petitioner’s motion for a new trial is denied.