■ STEPHEN B. SUTKA, Appellant, v LAURIE E. SUTKA, Respondent. [722 NYS2d 52] —In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by his brief,

from stated portions of a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated December 10, 1999, which, *inter alia*, directed him to pay child support in the sum of $223.36 per week and equitably distributed the parties' marital property, and (2) from a money judgment of the same court, entered February 14, 2000, upon the divorce judgment, which is in favor of the defendant and against him in the principal sum of $107,456.10, representing the defendant's distributive award, (3) from a money judgment of the same court entered February 17, 2000, upon the divorce judgment, which is in favor of the defendant and against him in the principal sum of $3,178, representing arrears he owed for maintenance of the parties' rental property, and (4) from a money judgment of the same court, also entered February 17, 2000, upon the divorce judgment, which is in favor of the defendant and against him in the principal sum of $17,681.55, representing arrears for child support payments.

Ordered that the appeal from the money judgment entered February 17, 2000, in the principal sum of $3,178, is dismissed as abandoned; and it is further,

Ordered that the money judgment entered February 14, 2000, awarding the defendant the sum of $107,456.10, and the money judgment entered February 17, 2000, awarding the defendant the sum of $17,681.55, are vacated in light of our determination of the appeal from the judgment dated December 10, 1999; and it is further,

Ordered that the judgment dated December 10, 1999, is modified on the law, by deleting the thirty-third, thirty-seventh, and forty-third decretal paragraphs thereof, and so much of the twenty-first decretal paragraph as directed the plaintiff to pay the sum of $223.36 per week in child support; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Dutchess County, for a new determination with respect to child support, and a hearing and determination with respect to the plaintiff's distributive share of the defendant's business, Blaze Consulting Services, Inc., and the entry of a new amended judgment.

Ordered that the plaintiff is awarded one bill of costs; and it is further,

Ordered that pending a new determination with respect to child support, the plaintiff shall continue to pay child support of $223.36 per week.

The plaintiff was unable to submit evidence regarding the value of the defendant's business because an expert retained by him to value that property could not testify as a result of a

conflict of interest. Since the trial was conducted during tax preparation season, the plaintiff was unable to retain a financial expert on short notice. The Supreme Court improvidently exercised its discretion in refusing to grant a reasonable adjournment. Accordingly, the matter is remitted to the Supreme Court, Dutchess County, for a hearing to determine the plaintiff's equitable share of the defendant's business.

There is insufficient evidence that the plaintiff's enhanced earnings as a firefighter with the City of Poughkeepsie Fire Department constitute marital property (*see,* Domestic Relations Law § 236 [B] [5] [c]; *McSparron v McSparron,* 87 NY2d 275; *O'Brien v O'Brien,* 66 NY2d 576; *Milteer v Milteer,* 280 AD2d 530; *West v West,* 213 AD2d 1025, 1026; *Bystricky v Bystricky,* 177 Misc 2d 914). Accordingly, the defendant is not entitled to a distributive award based upon the plaintiff's enhanced earnings.

The Supreme Court failed to set forth the facts upon which it relied in applying the Child Support Standards Act percentage to parental income in excess of $80,000 (*see, Cassano v Cassano,* 85 NY2d 649, 655; *Hohlweck v Hohlweck,* 271 AD2d 571, 572; *Manno v Manno,* 224 AD2d 395, 397). With respect to retroactive child support, the Supreme Court should consider the credit given to the defendant for real estate taxes paid on the marital residence as a double shelter allowance (*see, Graham v Graham,* 277 AD2d 423).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Bracken, Acting P. J., Ritter, Goldstein and Feuerstein, JJ., concur.