■ In the Matter of SUSAN GRECO, Respondent, v KENNETH ZUIDEMA, Appellant. [757 NYS2d 97] —In two related support proceedings pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Dutchess County (Brands, J.), dated January 9,

2002, as denied his objections to so much of an order of the same court (Kaufman, H.E.), dated November 7, 2001, as, after a hearing, inter alia, directed him to pay child support in the amount of $210.71 weekly. Justice Schmidt has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order dated January 9, 2002, is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, the order dated November 7, 2001, is vacated, and the matter is remitted to the Family Court, Dutchess County, for a hearing before a different hearing examiner in accordance herewith.

The parties, who were divorced in 1998, are the parents of three children. The respondent mother sought an award of support and expenses for the parties' oldest child, while the appellant father cross-petitioned for support for the parties' two younger children, who reside with him. Several days before the two petitions were scheduled for a consolidated hearing, the father learned of an unavoidable job-related conflict, and requested an adjournment; the mother consented to this request.

While the decision to grant or deny an adjournment is left to the Hearing Examiner's discretion (*see* Family Ct Act § 435 [b]; *Bay Ridge Fed. Sav. & Loan Assn v Morano,* 199 AD2d 354, 355 [1993]; *Gramma v Gramma,* 161 AD2d 899 [1990]; *Matter of Shirley R. v Ricardo B.,* 144 AD2d 472 [1988]), in light of the fact that this was the first requested adjournment, the mother consented thereto, and the father was also a cross-petitioner, the Hearing Examiner's refusal to grant the father an adjournment was an improvident exercise of discretion (*see Sutka v Sutka,* 281 AD2d 470 [2001]; *Feldman v Feldman,* 204 AD2d 268 [1994]; *Saborio v Saborio,* 147 AD2d 468 [1989]; *McPeek v Krisher,* 134 AD2d 578 [1987]; *but see Matter of Shirley R. v Ricardo B., supra; Matter of Claburn v Claburn,* 128 AD2d 937 [1987]).

Since a new hearing is required, we do not reach the parties' remaining contentions. Ritter, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.