■ In the Matter of SUSAN GRECO, Respondent, v KENNETH ZUIDEMA, Appellant. [775 NYS2d 873]—

In two related support proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Dutchess County (Sammarco, J.), dated August 8, 2003, which denied his objections to an amended order of the same court (Winslow, H.E.) dated June 10, 2003, dismissing his cross petition for child support.

Ordered that the order is reversed, on the law, without costs or disbursements, the objections are sustained, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith, and the order dated June 10, 2003 is vacated.

Upon the prior decision and order of this Court dated March

24, 2003, a support order of the Family Court, Dutchess County, dated November 7, 2001, in this case was vacated, and the matter was remitted to that court for a new hearing (*see Matter of Greco v Zuidema,* 303 AD2d 680 [2003]). Instead, the Family Court, on its own motion, dismissed the petitions and, in effect, directed that the November 7, 2001, order be "registered for modification in the state where the [mother] resides."

The Family Court had no authority, in effect, to direct that the support order, which this Court had reversed on appeal, be registered in another state (*see Campbell v Campbell,* 302 AD2d 345 [2003]; *Maracina v Schirrmeister,* 152 AD2d 502 [1989]; *Matter of Jennifer G.,* 110 AD2d 801 [1985]; *see also United States v Pink,* 36 NYS2d 961 [1942]; *City of New York v Scott,* 178 Misc 2d 836 [1998]). Furthermore, we cannot determine from this record whether there is presently a basis for jurisdiction over this matter in Dutchess County. Accordingly, the matter must be remitted to the Family Court, Dutchess County, to determine whether jurisdiction exists (*see* Family Ct Act § 580-205 [a] [1]). If so, the Family Court should hold the hearing as directed by this Court in its prior order (*see Matter of Greco v Zuidema, supra*). Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.