■ Doreen E. Sinanis, Appellant, v Spiro Sinanis, Respondent. (Appeal No. 1.) Doreen E. Sinanis, Respondent-Appellant, v Spiro Sinanis, Appellant-Respondent. (Appeal No. 2.) [980 NYS2d 521]—

In an action for a divorce and ancillary relief, (1) the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered May 13, 2011, which, inter alia, denied her motion to hold the defendant in contempt, and (2) the defendant appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the same court (Berliner, J.), dated November 14, 2011, which, among other things, awarded the plaintiff exclusive possession of the marital residence until the parties' youngest child reaches the age of 18, and the plaintiff cross-appeals from the judgment.

Ordered that the plaintiff's appeal from the order and cross appeal from the judgment are dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Under the facts of this case, including that the plaintiff was awarded physical custody of the parties' children and that the defendant failed to establish an immediate need for his share of the proceeds of the sale of the marital home, the Supreme Court providently exercised its discretion in granting the plaintiff exclusive possession and occupancy of the marital residence until the youngest child reaches the age of 18 (*see Greisman v Greisman*, 98 AD3d 1079 [2012]; *Mosso v Mosso*, 84 AD3d 757 [2011]).

Further, the defendant failed to meet his burden of proving that the plaintiff had wastefully dissipated $84,000 of marital assets (*see Scher v Scher*, 91 AD3d 842 [2012]; *Epstein v Messner*, 73 AD3d 843 [2010]; *Raynor v Raynor*, 68 AD3d 835 [2009]). The Supreme Court providently exercised its discretion in declining to credit the defendant with that sum or any portion thereof (*see Schwartz v Schwartz*, 67 AD3d 989, 990 [2009]; *Saleh v Saleh*, 40 AD3d 617 [2007]).

The Supreme Court also providently exercised its discretion in fashioning the award of counsel fees to the plaintiff (*see Guzzo v Guzzo*, 110 AD3d 765 [2013]; *Franco v Franco*, 97 AD3d 785 [2012]).

The defendant's remaining contentions are without merit. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.