ANTONY SMITHIE, Appellant-Respondent, v KRISTIN SMITHIE, Respondent-Appellant. [995 NYS2d 722]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Zimmerman, J.), entered April 22, 2013, which, upon a decision of the same court dated June 22, 2012, made after a nonjury trial, inter alia, awarded the defendant exclusive possession of the marital residence until the date of her remarriage or the date that the parties' youngest child graduates from high school, whichever occurs first, directed that, after the sale of the marital residence and after the deductions specified, the proceeds of the sale shall be divided 50% to the plaintiff and 50% to the defendant, failed to equitably distribute the value of the defendant's jewelry, awarded the defendant certain child support, and valued the parties' Satovsky investment as of the date of the commencement of the action, and the defendant cross-appeals from so much of the same judgment as failed to direct the equitable distribution of the plaintiff's "tracking stock."

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing that, after the sale of the marital residence and after the deductions specified, the proceeds of the sale shall be divided 50% to the plaintiff and 50% to the defendant, and substituting therefor a provision directing that, after sale of the marital residence and after the deductions specified, the proceeds of the sale shall be divided 70% to the plaintiff and 30% to the defendant, and (2) by adding a provision thereto awarding the plaintiff a credit of $8,450, representing half of the value of a diamond ring the plaintiff gave to the defendant during the marriage; as so modified, the judgment is affirmed

insofar as appealed and cross-appealed from, with costs to the plaintiff.

The plaintiff and the defendant were married in 1997 and have three children, born in 2000, 2002, and 2004. After approximately 10 years of marriage, the plaintiff commenced this action for a divorce and ancillary relief. In January 2011, the parties entered into a custody stipulation by which they agreed that they would have joint legal and physical custody of the children. All other issues were resolved after a nine-day trial conducted from March 2012 through May 2012. The Supreme Court issued a written decision in June 2012, and a judgment of divorce was entered on April 22, 2013.

In reviewing a judgment rendered in an action for a divorce and ancillary relief, this Court's power is as broad as that of the trial court (cf. O'Brien v O'Brien, 66 NY2d 576, 590 [1985]). Inasmuch as the determination here was made after a nonjury trial, this Court " 'may render the judgment it finds warranted by the facts' " (Rizzo v Rizzo, 120 AD3d 1400, 1402 [2014], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; see Miceli v Miceli, 78 AD3d 1023, 1024-1025 [2010]).

The Supreme Court providently exercised its discretion in awarding the defendant exclusive possession of the marital home until the date of her remarriage or the date that the parties' youngest child graduates from high school, whichever occurs first (see Sinanis v Sinanis, 114 AD3d 756, 757 [2014]). Nonetheless, under the circumstances of this case, awarding the defendant 50% of the net proceeds from the eventual sale of the house was an improvident exercise of discretion (see Rizzo v Rizzo, 120 AD3d 1400 [2014]; Scher v Scher, 91 AD3d 842, 846 [2012]; Post v Post, 68 AD3d 741, 742 [2009]). Accordingly, we modify the judgment to provide that, upon the sale of the marital residence, the plaintiff is entitled to 70% of the net proceeds, taking into account the deductions provided for in the judgment (see Post v Post, 68 AD3d at 742).

Gifts given by one spouse to another during a marriage are marital property and, thus, are subject to equitable distribution (see Ferina v Ferina, 286 AD2d 472, 474 [2001]; Feldman v Feldman, 204 AD2d 268, 269 [1994]; Foppiano v Foppiano, 166 AD2d 550, 551 [1990]). Here, the defendant testified that, during the marriage, the plaintiff gave her a diamond ring valued at $16,900. The Supreme Court erred in failing to equitably distribute the value of that item. Accordingly, the plaintiff is entitled to a credit of $8,450 (see Appel v Appel, 54 AD3d 786, 789 [2008]).

The parties' remaining contentions are without merit. Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.